### In re HOLMES.

(Supreme Court, Special Term, Albany County. December 22, 1899.)

1. ELECTION—BALLOTS—MARKING.

Under Election Law, § 110, subd. 2, rule 9, defining a void ballot to be one on which there shall be found any mark other than the cross mark made for the purpose of voting, and on such ballot no vote for any candidate thereon shall be counted, the inspectors of election properly refused to count a ballot for a candidate opposite whose name the voter had made a cross mark, where he had also made a mark in the circle at the head of the Republican, Democratic, and Socialist Labor tickets, as well as opposite the names of various candidates on both the Republican and Democratic tickets.

2. SAME.

Election Law, § 110, subd. 2, rule 9, provides that a void ballot is a ballot on which there shall be found a mark other than the cross mark made for the purpose of voting, and no vote on such ballot shall be counted for any candidate thereon. Rule 6 declares that, if the elector shall have made a voting mark on a ballot in more than one circle at the head of the tickets, and if on either of such tickets there shall be one or more candidates for office for which no other candidate or candidates is or are named on such other ticket or tickets so marked in the circle, his vote shall be counted for such candidate or candidates. An elector made a cross mark in the circle at the head of the Democratic ticket, and also in the circle at the head of the Independent Municipal ticket, and also in the circle opposite the name of the candidate for county treasurer on the Independent Municipal ticket, and also a cross opposite the name of a candidate on the Republican ticket. There was no candidate for supervisor on the Independent Municipal ticket. *Held*, that such ballot should be counted for the Democratic candidate for supervisor.

Application by Warren B. Holmes to determine for whom ballots cast at an election shall be counted.

James J. Farren, for Warren B. Holmes.

Thompson & Andrews, for Leonard A. Carhart.

BETTS, J. Two ballots are submitted to me for my determination as to whether these ballots should be counted for Leonard A. Carhart or Warren B. Holmes, Republican and Democratic candidates, respectively, for the office of supervisor in the town of Coeymans, Albany county, or for neither. Both of these ballots have been rejected by the inspectors of election as void, and not counted for either candidate. In Exhibit A the elector had made a cross mark (X) in each circle at the head of the Republican, Democratic, and Socialist Labor tickets. He had also made cross marks (X) in the voting spaces before the names of various candidates on both the Democratic and Republican tickets. By making a cross mark (X) in the voting space before the name of Warren B. Holmes, the Democratic candidate for supervisor, the elector plainly manifested his intention of voting for him as supervisor. Was that intention frustrated by making a cross mark (X) in the circle at the head of the Socialist Labor ticket for no apparent reason? I think it was, and that the ticket was void, and was correctly treated as void by the inspectors. I can discern no reason for the elector making this cross mark (X) in the circle at the head of the Socialist Labor ticket, nor

has my attention been called to any reason that he might have for making such mark for the purpose of voting. Section 110, subd. 2, rule 9, of the election law, provides:

"A void ballot is a ballot upon which there shall be found any mark other than the cross mark (X) made for the p rpose of voting, which voting mark must be made with a pencil having black lead, * * * and upon such ballot no vote for any candidate thereon shall be counted."

The action of the inspectors in declaring this ticket void is approved.

In Exhibit B the elector had made a cross mark (X) in the circle at the head of the Democratic ticket, and also a cross mark (X) in the circle at the head of the Independent Municipal ticket, and this ballot had been thrown out as void, and not counted by the inspectors. The elector had also made a cross mark (X) in the voting space in front of the name of the candidate for county treasurer upon the Independent Municipal ticket, and had also made a cross mark (X) in the voting space in front of the name of the candidate for school commissioner upon the Republican ticket, and made no other mark upon the ticket. The clear intention from the ballot is that the elector intended to vote for Lewis V. Thayer, Independent Municipal candidate for county treasurer, George A. Conklin, Republican candidate for school commissioner, and the remainder of the Democratic ticket, including Warren B. Holmes for supervisor. Section 110, subd. 2, rule 6, is as follows:

"If the elector shall have made a voting mark in more than one circle at the head of the tickets, and if on either of such tickets there shall be one or more candidates for office for which no other candidate or candidates is or are named on such other ticket or tickets so marked in the circle his vote shall be counted for such candidate or candidates."

There is no candidate for supervisor on the Independent Municipal ticket. If no other question were submitted in the matter, this ticket would be counted for Holmes. On behalf of Mr. Carhart, however, it is contended that in the circle at the head of the Independent Municipal ticket there is a blurred or dirty appearance upon or near the cross mark (X), which it is claimed is an erasure, and that under section 110, subd. 2, rule 9, the ticket is void for that reason. I do not regard this as an erasure made or attempted. It impresses this court as having been a dirty thumb or finger mark, made by the elector in some manner, perhaps by wetting his lead pencil while making this cross mark (X). Of course, no reason is shown for the elector making this cross mark (X) at all in the circle at the head of the Independent Municipal ticket for the purpose of voting. These rules, however, must be taken together, and such a construction given to them as to effectuate, rather than defeat, the clear intention of the voter. The question only is before this court as to the vote on supervisor. Construing rule 9 in connection with rule 6, this vote for supervisor should be counted for Warren B. Holmes, the Democratic candidate.