(30 Misc. Rep. 461.)

PEOPLE ex rel. OBERT v. BOURKE et al.

(Supreme Court, Special Term, Albany County. February, 1900.)

1. ELECTIONS—VOID BALLOTS—MARKING FOR IDENTIFICATION—INDORSEMENT.
Laws 1896, c. 909, § 114, authorizes a judicial investigation of ballots not void, but marked for identification, "where the original statement of the result of the canvass in an election district shall show that any ballots counted at an election therein were objected to for being marked for identification." Ballots were marked, "Counted; objected to as void," instead of "Objected to, because marked for identification." *Held*, that the marking of the ballots as void did not deprive the court of jurisdiction to consider them where the ballots were certified by the inspectors in their statement of the canvass as protested, because marked for identification.

**2. SAME—STIPULATION—EFFECT.**

Where, in a proceeding to investigate ballots returned as protested and void, the parties had stipulated that the court should determine "whether the ballots objected to because marked for the purpose of identification were so marked," the stipulation precluded defendants from raising the question that the inspector had improperly indorsed such ballots by marking them "Counted; objected to as void," instead of "Objected to, because marked for identification."

**3. SAME—VOTING MARK.**

Laws 1896, c. 909, § 110, subd. 2, rule 9, amended by Laws 1898, c. 335, provided that if there should be found on any ballot any other mark than the cross (X) mark, made for the purpose of voting, such ballot should be void. Section 105, subd. 2, declared that one straight line crossing another straight line at any angle should be deemed a valid voting mark. *Held*, that a ballot containing within the circle at the head of a ticket a mark resembling an imperfect circle was void.

**4. SAME—ERASURE—EFFECT.**

Where ballots had the names of candidates erased with a pencil, they were void, under Laws 1896, c. 909, § 110, subd. 2, rule 9, as amended by Laws 1898, c. 335, declaring any ballot void on which there should be found any other mark than the cross (X) mark made for the purpose of voting.

**5. SAME—INVESTIGATION OF BALLOTS.**

Laws 1896, c. 909, § 105, defines a void ballot. Section 110, subd. 3, points out the mode of dealing with a ballot not void, but marked for the purpose of identification. Section 114 allows any candidate to invoke judicial investigation of either class of ballots by mandamus. *Held*, that where the inspectors of election treated certain ballots as protested as marked for identification, and counted them, the court had jurisdiction, in a mandamus proceeding, after an inspection which showed them to be void, to pass on them as void ballots under section 105.

**6. SAME—VOTING MARKS.**

Where three ballots each had several marks crossing each other at various angles, the two former in the circle at the head of the Democratic ticket, and the latter in the circle at the head of the Republican ticket, they were valid.

**7. SAME—MARKING TWO TICKETS—CANDIDATE FOR AN OFFICE ON ONLY ONE—EFFECT.**

Where a ballot had a cross mark in the circle at the head of the Republican, and also in the circle at the head of the Labor; ticket, on which there was no candidate for overseer of the poor, the ballot was a valid vote for the Republican candidate for overseer of the poor, under Laws 1896, c. 909, § 110, subd. 2, rule 6, providing that when an elector should have made a cross mark in more than one circle at the head of party tickets, on one of which there should be a candidate for office for which no candidates were named on the other ticket so marked, it should be a valid vote for the candidate for such office on the ticket marked.

**8. SAME—CROSS MARK AT HEAD OF TICKET—MARK AT LEFT OF CANDIDATE ON ANOTHER TICKET.**

A ballot having a cross mark in the circle at the head of the Democratic ticket, and also a cross mark in the voting space at the left of the candidate for assessor, on the Socialist-Labor ticket, was a valid vote for the candidate for overseer of the poor on the Democratic ticket.

**9. SAME—NAME WRITTEN IN BLANK COLUMN.**

When John Reilly was candidate for town clerk on the Democratic ticket, and the name John Reiley was written on the ballot in the blank column, such ballot was valid, since the court would not presume the elector meant to vote for John Reilly, since such presumption would render the ballot void under Laws 1896, c. 909, § 110, subd. 2, rule 9, declaring any ballot void upon which anything is written other than the name or names of persons not printed on the ballot.

**10. SAME—LACK OF MARKS.**

When Joseph Obert was a candidate for overseer of the poor on the Republican ticket, and the ballot had his name, or that of "Joseph Obort," written in the blank column, but no cross mark in the circle at the head of the Republican ticket, nor in the voting space at the left of the written name, the ballot could have no effect as to Obert, since, if the name written was "Obort," the ballot was void, under Laws 1896, c. 909, § 110, subd. 2, rule 9, as amended by Laws 1898, c. 335, making any ballot void upon which anything is written other than the names of persons not printed on it, and, if it was "Obert," there was no vote for him, since there were no marks at the head of his ticket, or in the voting space at the left of the name.

**11. SAME—ERASURE.**

A ballot having on it an erasure of a cross mark, evidently made with a dirty rubber, or a wet finger, was void, under Laws 1896, c. 909, § 110, subd. 2, rule 9, as amended by Laws 1898, c. 335, making any ballot void on which there should be any other mark than the cross mark made for voting.

**12. SAME—MARKS OTHER THAN CROSS MARKS.**

Where a ballot had three circular marks or erasures made by a pencil in the voting spaces at the left of names on the Republican ticket on the same lines where cross marks appeared in the voting spaces at the left of names on the Democratic ticket, the ballot was void, under Laws 1896, c. 909, § 110, subd. 2, rule 9, as amended by Laws 1898, c. 335, making any ballot void on which there is any other mark than the cross mark made for voting.

**13. SAME.**

When a ballot had a mark resembling the letter "O" in a voting space, the ballot was void, under Laws 1896, c. 909, § 110, subd. 2, rule 9, declaring any ballot void on which there should be found any mark save the cross mark X, used for voting.

**14. SAME—MARKS WITH PURPLE LEAD.**

A ballot, all the marks on which were made with a pencil having purple lead, was void under Laws 1896, c. 909, § 110, providing such marks should be with a pencil having black lead.

**15. SAME—MARKS—OTHER CROSS MARKS.**

When a ballot had a short line in the circle at the head of a ticket, the ballot was void under Laws 1896, c. 909, § 110, subd. 2, rule 9, declaring any ballot void on which there should be any mark other than the cross mark X for voting.

Mandamus by the people, on relation of Joseph Obert, against Oliver Bourke and others, to compel defendants to count certain rejected ballots for relator as candidate for overseer of the poor of the town of Catskill, and to reject certain ballots for Harrison C. Mead, in whose favor defendants had issued a certificate of election. Granted.

Osborn & Bloodgood, for relator.

John Sanderson (Lewis E. Carr, of counsel), for defendants.

CHESTER, J. This is a proceeding to investigate the ballots returned as protested and void for the office of overseer of the poor in the town of Catskill at the last general election. Harrison C. Mead, the Republican candidate, was declared elected by a plurality of three over the relator, Joseph Obert, the Democratic candidate. Counsel have agreed as to all the ballots except 4 returned as protested and 12 as void. The defendants question the jurisdiction of the court to make any determination concerning these pro-

tested ballots, because an inspection of them shows that they are each marked, "Counted; objected to as void," instead of "Objected to because marked for identification," as required by section 110, subd. 3, Election Law (Laws 1896, c. 909). The petition and the alternative writ of mandamus issued herein each show that these four ballots were returned by the inspectors, and so certified in their statement of the canvass, as protested because marked for identification. The return of the defendants to the alternative writ also recites that these ballots were found in the sealed packages containing ballots that were objected to because marked for identification. The ballots are annexed to and form part of the return, and are now before the court. The law with reference to protested ballots appears to have been fully complied with, except that the four ballots have not been properly marked as is above indicated. Jurisdiction is given to the court by section 114 of the election law to pass upon the validity of protested ballots where the "original statement of the result of the canvass in an election district shall show that any of the ballots counted at an election therein were objected to as marked for identification,"—which is the case here. More than this, the parties here have entered into a stipulation in writing that the court shall determine "whether the ballots returned as aforesaid, and objected to because marked for the purpose of identification, or any of them, were so marked, and whether any of such ballots are otherwise invalid." While the stipulation ought not to be construed to give power to the court which it does not possess under the statute, yet where the court has jurisdiction, as the section last above cited shows, the stipulation may properly be invoked to preclude the defendants from now raising the question that the inspectors have not indorsed the ballots as required by law. The duty, therefore, it seems to me, is fairly upon the court to consider these protested ballots as well as those returned as void.

1. With reference to the protested ballots. Exhibit 1 has an imperfect circle resembling the letter "O," made with a black lead pencil, within the circle at the head of the Republican column, and it contains no other mark. The imperfect circle is in no view a cross mark. No part of it crosses any other part. Similar marks were held not to be valid voting marks in the Feeny Case, 156 N. Y. 36, 50 N. E. 425, as appears by Nos. 23 and 175 on the chart used upon and describing the ballots in that case, a copy of which has been submitted to me by counsel. Under that authority, and under the express condemnation of rule 9, subd. 2, § 110, Election Law, as amended by Laws 1898, c. 335, the ballot is void, and should not have been counted. Exhibits 2, 3, and 4 each have one or more names of candidates erased with a pencil, and are clearly void for this reason, under rule 9 above mentioned. All four of these ballots were returned as protested because marked for identification. Notwithstanding they were so returned, being properly before the court, it has jurisdiction to declare them void in this proceeding. People v. Board of Aldermen of City of Buffalo, 157 N. Y. 432, 52 N. E. 181. Exhibits 1, 2, and 3 were counted for Mead. Exhibit

4 was not counted for either Obert or Mead. Three votes should, therefore, be deducted from Mead on account of the protested ballots.

2. With reference to the ballots returned as void. Exhibits 5, 43, and 44 each have several marks crossing each other at various angles,—the two former in the circle at the head of the Democratic ticket, and the latter in the circle at the head of the Republican ticket. Under the determination in the Feeny Case, supra, with reference to ballots similarly marked, these ballots are valid. Exhibits 5 and 43 should have been counted for Obert, the relator, and Exhibit 44 for Mead. Exhibit 40 has a cross mark in the circle at the head of the Republican ticket, and also in the circle at the head of the Socialist-Labor ticket. On the latter ticket there was no nomination for overseer of the poor. The ballot should have been counted for Mead, under rule 6, subd. 2, of section 110. Exhibit 53 has a cross mark in the circle at the head of the Democratic ticket, and also a cross mark in the voting space at the left of the candidate for assessor on the Socialist ticket. I can conceive no reason for its being returned as void. It is a valid ballot for Obert, the relator, and should have been counted for him. Exhibit 30 has a cross mark within the Republican circle, and has the name "John Reiley" written in the blank column for town clerk. The name of "John Reilly" is printed on the Democratic ticket as candidate for the same office. Exhibit 33 has no voting mark anywhere upon it, but has the name of "Joseph Obort" or "Joseph Obert" (it may be either, as the name was apparently written with a trembling hand) written in the blank column for overseer of the poor, while the name of "Joseph Obert" is printed on the Democratic ticket as a candidate for that office. Both tickets were rejected as void because these names were wrongly written in the blank columns. It is probable that one of the voters of these tickets intended to vote for John Reilly and the other for Joseph Obert, whose names were printed on the ticket, and by mistake wrote the names they did in the blank columns. But has the court the right to determine this question upon that presumption? The statute condemns as void any ballots "upon which anything is written other than the name or names of persons not printed upon the ballot." Rule 9, subd. 2, § 110. The court should not, by the indulgence of any presumption not plainly required by law, extend the condemnation of this statute beyond its express terms, and especially not in view of the fact that a liberal, instead of a narrow, view has always been taken by the courts in upholding the validity of ballots. As to the name written on Exhibit 30, it is a well-known fact that there are many persons of the name of "Reiley" as well as of the name of "Reilly." They are not the same name, and I think the court is not bound, as a matter of law, to presume that they are, and thus extend the condemnation of the statute beyond its express terms. Applying the rule of liberal interpretation, the ballot should be held to be valid, and counted for Mead. As to Exhibit 33, if the name written on it is the same as that printed,—as to which there is some doubt,—it must be rejected as void. If, on the other hand, it is not the same name,

.there is no vote for the relator, for there is no cross mark either in the circle over his ticket or in the voting space at the left of his name, so this ballot cannot affect the result one way or the other. Exhibits 19 and 32 each has an erasure of a cross mark upon it, evidently made by a dirty rubber or by wetting and rubbing the mark with the finger. Each was, therefore, properly rejected as void under rule 9. Exhibit 18 has a cross mark in the circle at the head of the Republican ticket, but it also has three circular marks or erasures made by a pencil in the voting space at the left of three names on the Republican ticket on the same lines where cross marks appear in the voting spaces at the left of names on the Democratic ticket. The ticket was properly rejected as void under rule 9. Exhibit 22 has a cross mark in the circle at the head of the Republican ticket and a cross mark in the voting space at the left of the names of the candidates for collector and for justice of the peace, and also a mark resembling the letter "O" in the voting space at the left of the name of the candidate for justice of the peace on the Republican ticket on the same line. It was rejected because of the latter mark. This was not a valid voting mark under the law. I think it was properly rejected under rule 9. More than this, all the marks on the ticket are made with a pencil having purple lead, instead of with one having black lead, as required by law. Exhibit 36 has a cross mark in the circle at the head of the Democratic ticket and a single short line in the circle at the head of the Socialist-Labor ticket. The latter is a mark other than a voting mark, and renders the ballot void under rule 9. Ballots similarly marked (Nos. 52 and 148), as appears by the chart above referred to in the Feeny Case, were held to be invalid. It results from this examination that ballots 1, 2, and 3 should be deducted from, and ballots 30, 40, and 44 added to, Mead's vote, and ballots 5, 43, and 53 added to Obert's, making a net gain of three votes to Obert. An order may be prepared accordingly.

Ordered accordingly.