## (October 20, 1938.)

In the Matter of the Application of CATHERINE DOWGWILLA for an Order Directing the Board of Elections and the Board of Canvassers of the City of New York to Bring into Court for Inspection the Void and Blank Ballots Cast for County Committeemen in the 31st Electric District in' the Second Assembly District of the Borough of Queens, City of New York, Appellant, against S. HOWARD COHEN and Others, as Commissioners of Election, Constituting the Board of Elections of the City of New York, ALEXANDER CHRISTIE, JOHN ZOLVIK, JR., JOHN J. MCCONVILLE, MARGARET MCCONVILLE, KATE SULLIVAN and CHRISTINE O'SULLIVAN, Respondents.— Appeal from order denying application for an inspection of the void ballots cast in the primary election held on September 20, 1938, for county committee, of the Democratic party, in the thirty-first election district in the second Assembly district in the borough of Queens. Order reversed on the law and the facts, motion of petitioner granted, and the board of elections of the city of New York directed to bring into court, for inspection, the void ballots and those counted as blank for party position cast in the election for county committee in the Democratic primary held September 20, 1938, for the thirty-first election district of the second Assembly district, borough of Queens, city of New York; the Special Term after such inspection, to make such order as justice requires. The matter may be brought on at Special Term on twenty-four hours' notice. The primary ballot contained two sets of candidates for the position of county

committeemen, each set or group having at its head a circle. In addition, opposite each name in each group was a voting space. On certain ballots, in the circle above one of the sets or groups an X was marked, and in the voting space opposite one or more names in the other set or group an X was also marked. On the argument it was admitted that in some instances, because of this method of marking, the inspectors, following rule 6 of section 219 of the Election Law, declared such ballots void, or at least blank. It was error to apply this rule in the manner in which it was applied. The intent of the voter should be sought, if it is possible to ascertain such intent. Under the facts stated here, the apparent intent of the voter was as follows: To cast a vote for all the candidates in the group beneath the circle in which he placed an X except, however, as to those names which correspond in position with the candidates in the other group opposite whose names, in the voting space, he inserted an X, for whom he also intended to cast a vote. That has been the statutory rule of construction for many years, followed by court decisions, at the time when the voter was permitted to vote a straight ticket by making a cross-mark in the circle at the head of the party column, with a cross-mark before the name of an individual in another column; and still preserved in respect to votes for presidential electors. (Election Law, § 107; Id. § 219, rules 7 and 8.) Now, by the amendment of 1935█ to section 108, the circle has been restored to the ballot to offer a more convenient method of voting on candidates for delegates and alternates to conventions and for party positions. The same salutary rule of ascertaining the voter's intent should be applied, for it is not the purpose of the law to disfranchise a voter for some simple mistake or obscurity, if his intent may be discovered by reasonable interpretation. (See Election Law, § 219, rules 1, 2, 4 and 6.) Lazansky, P. J., Davis, Adel and Close, JJ., concur; Johnston, J., dissents in part, with the following memorandum: While I agree that the order should be reversed and the respondents directed to deliver the void and blank ballots to the court for inspection, and after such inspection the Special Term shall make such order as justice requires, I dissent, except as hereinafter indicated, from so much of the decision as directs how the ballots are to be counted. The ballot contains two sections — one under the other — each containing the names of a group of six persons who are candidates for a party position, to wit, county committeeman. Above each section there is a circle, and above the circle in the upper section are the words: " COUNTY COMMITTEE (Vote for six)." Admittedly, a ballot marked only with a cross X mark in the circle should be counted as a vote for each candidate named in such section. The majority view is that if a voter places a cross X mark in the circle above one section and also places a cross X mark in the voting square at the left of a candidate's name appearing in the other section, the ballot should be counted as a vote not only for the latter candidate but for five of the six candidates whose names appear in the section with a voting mark in the circle. The majority further decides which five of the six candidates are to be credited with a vote by directing that the candidate whose name has a position in the section marked in the circle corresponding to the position of the name of the candidate voted for in the other section is to be denied a vote. There is no statute which permits this to be done. The function of the court is to determine the intention of the

voter. By marking his ballot as above indicated, the voter's intention to vote for the candidate before whose name he made a voting mark is clear and the ballot should be counted as a vote for that candidate. But which five of the six candidates whose names appear in the other section the voter intended to vote for, and which one he intended to withhold a vote from, no one can tell. For aught that appears from an examination of the ballot, the candidate denied a vote by the decision about to be made is one for whom the voter intended to vote. Therefore, in my opinion a ballot so marked is neither a void nor a blank ballot but should be counted as a vote only for the candidate or candidates before whose name or names the voter has made a cross X mark in the voting square or squares in the section where no voting mark has been placed in the circle. If this view be adopted, the voter will not be disfranchised and the result will be fair both to the voter and the candidate. The vote will be counted only for the person or persons whom, by individual voting marks, the voter shall have clearly indicated he intended to vote. Moreover, no candidate or candidates for whom the voter did not specially indicate he intended to withhold a vote will be denied it. I do not believe the statutes (Election Law, § 107 and § 219, rules 7 and 8), which provide how ballots for presidential electors shall be prepared and how ballots cast for presidential electors shall be counted, lend support to the rule of construction applied in the prevailing memorandum. It is true that rule 8 provides that when a voter, in voting for presidential electors, makes a cross X mark in the circle above a party column and also makes a voting mark in one or more voting squares in another column or columns, he is deemed to have voted against the candidate or candidates whose name or names are printed on the same horizontal line with the name specially marked. But this is so only because the statute so provides. It must also be borne in mind, except where voting machines are used, that the candidates for presidential electors of each party appear in separate columns on the ballot; that the columns are parallel to each other and the names of the candidates of one party appear opposite, on horizontal lines, with the names of the candidates of one or more other parties. The ballot in the instant case has no parallel columns in which the names of the rival candidates appear, and hence, the name of no candidate in one group is printed on a horizontal line with the name of a candidate in the other group. [See, also, *ante*, p. 796.]