In the Matter of CHARLES SMITH, Petitioner, against JOSEPH FIORITO et al., Respondents.

Supreme Court, Special Term, Suffolk County, September 14, 1950.

*Sol Gordon* for petitioner.

*Edgar F. Hazleton, County Attorney,* for Suffolk County Board of Elections.

No appearance for respondents.

HILL, J. This is an application by Charles Smith for an order correcting errors in the canvass of ballots for office of members of the Democratic county committee in the 11th District, town of Babylon, Suffolk County, New York.

On the return day of the order to show cause the parties involved in the recount appeared, the ballot box was opened and the ballots examined. The parties agreed with the court that thirty-four of the ballots cast were unquestionably correct, ten were void for various reasons, two remained on which the parties could not agree. Of the thirty-four ballots to be counted as agreed upon, Smith received seventeen and his opponent Osgood seventeen.

That leaves us with the two ballots disputed — one for Smith, one for Osgood. Smith appears in one group of candidates, Osgood in another on the printed ballot. Above each group is printed a circle for the purpose of voting a straight ticket (Election Law, § 108, subd. 6) and an " inclosed voting space " to the left of each name is printed (Election Law, § 108, subd. 4). One ballot has been marked with a cross in each of the circles above the names of the Smith group and the Osgood group and also a cross to the left of Smith and his companion, in the space provided, but no mark opposite the name of Osgood or his running mate. This ballot I find is valid and should be counted as a vote for Smith. The crosses in the circles above the group of names is considered surplusage. ' (Election Law, § 212, rule 7; *People ex rel. Obert* v. *Bourke,* 30 Misc. 461; *Matter of Holmes,* 30 Misc. 127.) The remaining ballot has a mark in the square to the left of Osgood's name and a similar mark to the left of the name of Osgood's companion. These marks are almost identical — as near so as it would be possible to make with a free hand. It appears that a check mark was first made after which a cross mark was fashioned over the check all within the square.

The Election Law requires that a ballot be marked with a cross. (Election Law, § 212; Rules for Counting Votes, rule 1.) " The whole ballot is void if the voter (a) does any act extrinsic to the ballot such as enclosing any paper or other article in the folded ballot or (b) defaces or tears the ballot or (c) makes any erasure thereon or (d) makes any mark thereon other than a cross X mark in a voting square or circle, or other than the writing in of a name for the purpose of voting; except that an erasure or a mark other than a cross X mark made in a voting square shall not make the ballot void, but shall render it blank as to the office, party position or question in connection with which it is made. A cross X mark is any straight line crossing any other straight line at any angle, but no ballot shall be declared void or partially blank because a cross X mark thereon is irregular in form. In applying any provision of this section to a primary election, the term ' voting square ' shall include the voting space at the left of the name of a candidate on the primary ballot." (Rule 1.)

Before the enactment of this section a cross was defined as " one straight line crossing another straight line." (L. 1909, ch. 22, § 358, rule 7.) The earlier decisions placed a strict construction on this rule. Later decisions became liberal.

Poor lighting, old age, poor eyesight, shaky hands, cold and many other factors caused irregular voting marks on ballots at every election. Taking all of these factors into consideration and also the policy of our government that everyone should have an opportunity to have his vote counted the courts have attempted, in each case, to discover the will of the voter. Every conceivable kind of cross mark has been held valid (*Matter of Garvin,* 168 App. Div 218; *People ex rel. Feeny* v. *Board of Canvassers,* 156 N. Y. 36; *People ex rel. Karns* v. *Porter,* 176 App. Div. 330; *Matter of Dowgwilla* v. *Cohen,* 255 App. Div. 798; *Matter of Fallon,* 197 N. Y. 336; *Matter of Devine* v. *Osmann,* 164 Misc. 665, mod. 252 App. Div. 787, affd. 275 N. Y. 639; *People ex rel. Colne* v. *Smith,* 188 App. Div. 834; *Matter of Moritt* v. *Cohen,* 279 N. Y. 617).

Distinguishing marks that identify the voter vitiates the entire ballot. (*People ex rel. Colne* v. *Smith, supra; Matter of Devine* v. *Osmann, supra.*)

There can be little doubt that the voter in this case intended to cast his ballot for Osgood and that the marks placed on the ballot by him are in no way " distinguishing marks ". It therefore follows that this last ballot considered is also valid, making the count eighteen votes for Smith and eighteen for Osgood.