LEWIS S. FLAGG, JR., Respondent, *v.* D. WARD NICHOLS, as Bishop of the First Episcopal District of the African Methodist Episcopal Church and as Presiding Officer of Each of the Conferences Comprised Thereunder, Appellant, et al., Defendants.

Argued March 9, 1954; decided May 20, 1954.

*Menahem Stim, Alan L. Dingle, Bruce McM. Wright, Lisle C. Carter, Jr., Alvahteen A. Howard* and *Joseph D. Stim* for appellant. I. A judgment against an unincorporated association cannot stand where the plaintiff has neither alleged nor proved the individual liability of every single member of the association. (*McCabe* v. *Goodfellow,* 133 N. Y. 89; *Martin* v. *Curran,* 303 N. Y. 276; *National Bank* v. *Van Derwerker,* 74 N. Y. 234; *Schouten* v. *Alpine,* 215 N. Y. 225.) II. The finding of ratification by the governing body of the church cannot be the basis of a judgment against a member-subdivision, First Episcopal District, until after entry of a final judgment against the church itself. (*Institute for Public Service* v. *Winter,* 233 App. Div. 1.)

*Bernard R. Lieberman* and *Theodore Siskind* for respondent. I. The motions made by defendants at the end of plaintiff's case and again at the close of the entire case did not seek a dismissal of the complaint on the ground that no judgment could be recovered against defendants because plaintiff had allegedly failed to plead or establish individual participation and individual liability of every single member or communicant of defendants. (*Rapee* v. *Beacon Hotel Corp.,* 293 N. Y. 196; *Widmeyer* v. *Crane,* 121 Misc. 309; *Martin* v. *Herzog,* 228 N. Y.

164; *Dunning* v. *Dunning*, 300 N. Y. 341; *Martin* v. *Home Bank*, 160 N. Y. 190; *Nasaba Corp.* v. *Harfred Realty Corp.*, 287 N. Y. 290; *People ex rel. Rutland R. R. Co.* v. *State Tax Comm.*, 243 N. Y. 543; *Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345; *People* v. *Bresler*, 218 N. Y. 567; *Caponigri* v. *Altieri*, 165 N. Y. 255; *Maloney* v. *Hearst Hotels Corp.*, 274 N. Y. 106; *Milbank* v. *Jones*, 127 N. Y. 370; *Muck* v. *Hitchcock*, 212 N. Y. 283.) II. Plaintiff's hiring did not depend upon a ratification by the council of bishops. (*Matter of Robison* v. *Cocheu*, 18 App. Div. 325.) III. A religious society is responsible for the acts of its officers performed in its behalf and within the scope of their authority. (*Trapp* v. *St. John's Baptist Church*, 174 Ill. App. 213; *Farris* v. *St. Paul's Baptist Church*, 220 Mass. 356.) IV. The judgment in this action is directed against the named defendant in his representative capacity. No individual liability is sought against any member. (*Lloyd* v. *Sloan*, 259 App. Div. 615; *Thomann* v. *Flynn*, 251 App. Div. 325.) V. The 1944 Book of Discipline, in defining the duties of an active bishop, conferred upon him such powers coincident with that of a president.

*Per Curiam.* By permission of this court defendant D. Ward Nichols, as Bishop of the First Episcopal District of the African Methodist Episcopal Church, and as presiding officer of each of the conferences comprised within said district, appeals from a judgment of the Appellate Division, First Department, which unanimously affirmed, without opinion, a judgment of the Supreme Court, New York County (HECHT, J.) in favor of plaintiff in the amount of $5,000 plus interest for legal services rendered by plaintiff.

The facts are fully set forth in the trial court's opinion (202 Misc. 1096), and in view of the affirmance by the Appellate Division, they are not open to us on this appeal (Civ. Prac. Act, § 605).

The trial court found that the governing bodies of the General Church, an unincorporated association, impliedly ratified plaintiff's retention as counsel. However the only remaining party defendant at the conclusion of the trial was the appellant D. Ward Nichols in his representative capacity as Bishop of the First Episcopal District and as presiding officer of each of

the conferences comprised thereunder, and the trial court directed judgment against the appellant in such representative capacity.

Appellant seeks a reversal of the judgment on two grounds. First, he contends that a judgment against an unincorporated association cannot stand where the plaintiff has neither alleged nor proved the individual liability of every single member of the association, citing *Martin* v. *Curran* (303 N. Y. 276) and *McCabe* v. *Goodfellow* (133 N. Y. 89). However, that point was not raised at the trial and may not be urged here as a basis for a reversal of the judgment. (See Civ. Prac. Act, § 242; *Milbank* v. *Jones,* 127 N. Y. 370, 376; *Muck* v. *Hitchcock,* 212 N. Y. 283, 289; *Maloney* v. *Hearst Hotels Corp.,* 274 N. Y. 106, 111.)

Appellant's second contention is that the finding by the trial court, that the governing bodies of the General Church ratified plaintiff's retention as counsel, cannot be the basis for a judgment against a member-subdivision, i.e., the First Episcopal District, until the entry of a final judgment against the General Church itself has been returned unsatisfied or unexecuted. (General Associations Law, § 16.) Section 16 of the General Associations Law provides that a plaintiff is permitted to bring an action against any individual member or members of an unincorporated association only after he has obtained a judgment against the officers of the entire association and such judgment has been returned unsatisfied or unexecuted. (*Institute of Public Service* v. *Winter,* 233 App. Div. 1.)

Here, plaintiff has brought suit against one of the subdivisions of the General Church, and the trial court properly found that plaintiff's cause of action is based on a liability of the General Church itself. The trial court erred, however, in directing judgment against one of the subdivisions of the General Church where plaintiff had not, in the first instance, obtained a judgment against the General Church.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

Lewis, Ch. J., Conway, Desmond, Dye, Fuld and Froessel, JJ., concur; Van Voorhis, J., taking no part.

Judgments reversed, etc.