■ In the Matter of JAMES J. MULDOON et al., Respondents, against WILLIAM F. LUDDY et al., Constituting the Board of Elections and the County Board of Canvassers of the County of Westchester, Respondents, and MICHAEL A. MAGNOTTA, Appellant.— Appeal from an order directing that certain ballots, out of 46 which were protested, in the primary election held September 15, 1959 for the position of member of the Republican County Committee, 39th Election District, City of Mount Vernon, County of Westchester, be counted for the respondents Muldoon and Shanz and that the Board of Elections issue certificates of election to said respondents. Order unanimously affirmed, without costs. Printed on the ballots, after the words "Member of County Committee (Vote for Two)", was a circle surrounded by the words "For a straight ticket mark within the circle". The names of respondents Muldoon and Shanz, bracketed together and opposite the numeral 16, followed. There was then a blank line, after which was appellant's name, opposite the numeral 17. It is not disputed that the ballot was in accordance with the provisions of subdivision 6 of section 108 of the Election Law. In our opinion, the Special Term properly directed that the 29 ballots marked with an "X" in the circle above the names of respondents Muldoon and Shanz be counted for said respondents. The intent of the voters is to be sought (*Matter of Dowgwilla* v. *Cohen*, 255 App. Div. 798, appeal dismissed 279 N. Y. 614) and that intent, apparently, was to vote for the two candidates grouped or bracketed under the circle. Insofar as *Matter of Mischler* v. *Dravinski* (203 Misc. 15) may be to the contrary, it is disapproved. Seven other ballots, marked with an "X" in the circle and with "X" marks alongside the names of respondents Muldoon and Shanz were also directed by the Special Term to be counted for said respondents. Appellant makes no objection thereto on this appeal, and in any event the court's ruling thereon was proper. (Cf. *Matter of Winchester*,

123 Misc. 191.) Since the 36 ballots described are sufficient, when added to the concededly valid votes for respondents Muldoon and Shanz, to insure their election over appellant, even if appellant is credited with every disputed vote in his favor in some of the remaining 10 protested ballots, it becomes unnecessary to determine whether those ballots were correctly held to be void. We have not passed upon appellant's contention that respondents Muldoon and Shanz were not entitled to a judicial review and recanvass of the 46 protested ballots because of their failure to continue their objections as provided in section 213 of the Election Law, since that question was not raised or litigated at Special Term. (Cf. *Flagg* v. *Nichols,* 307 N. Y. 96, 99; *Matter of Anonymous,* 286 App. Div. 161, 167.) Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.