Chief Judge Desmond (dissenting).
The question stated in the opening paragraph of the majority opinion cannot be answered on this record unless we are to forget all about pleadings and issues. This separation action was brought, tried, dismissed and the dismissal affirmed in the Appellate Division on the sole ground of cruelty. Now our court is modifying the judgment below and directing entry of a judgment of separation *213 (not even a retrial or a permission to replead) on the new ground of abandonment although abandonment was not pleaded, tried or in any manner passed upon in either court below.
The objection, we are told, is hypertechnical. Let us see. “ ' Pleadings and a distinct issue are essential to every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint would serve no useful purpose ’ ” (Cohen v. City Co. of New York, 283 N. Y. 112, 117). “It is fundamental that in civil actions the plaintiff must recover upon the facts stated in his complaint, or not at all. In case a complaint proceeds on a definite, clear and certain theory, it will not support or permit another theory because it contains isolated or subsidiary statements consistent therewith. A party must recover not only according to his proofs but according to his pleadings ” (Walrath v. Hanover Fire Ins. Co., 216 N. Y. 220, 225). Where, when or why those settled rules disappeared from our system I do not know. For no reason at all we are making a precipitous retreat from the good old rule that the parties to a private lawsuit fix the theory of suit and that no appellate court can present the losing side with a new theory. I have not been backward in advocating modernized and speeded-up procedures but I can find no reason for this abrupt departure from the rules that courts and lawyers have always lived by.
It should not be necessary to demonstrate that in matrimonial law abandonment is a definite concept, different from cruelty, and that it must be pleaded and proved as such. Abandonment is ‘' a voluntary separation of one party from the other without justification, with the intention of not returning ” (Williams v. Williams, 130 N. Y. 193, 197; Bohmert v. Bohmert, 241 N. Y. 446, 451). Nothing like that was proven or decided in the present case. The entirely different charge of cruelty was urged on the courts below and that charge was dismissed. For our court to introduce and decide a new issue, whatever its merits, is unprecedented and unlawful (see Civ. Prac. Act, § 242; Flagg v. Nichols, 307 N. Y. 96, 99).
The judgment should be affirmed, with costs.
*214 Judges Dye, Froessel, Van Voorhis and Foster concur with Judge Fuld; Chief Judge Desmond dissents in an opinion in which Judge Burke concurs.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, without costs.