Judgment reversed and a new trial ordered upon the ground that it was prejudicial error for the trial court to exclude the alleged conversation between defendant and the police inspector.
Concur: Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Bergan. Judge Scileppi dissents in the following memorandum: I dissent and vote to affirm. In my opinion, the testimony with regard to a particular *1154 telephone conversation offered by defendant and excluded by the trial court was prima facie self-serving and on that ground inadmissible (Richardson, Evidence, §§ 377-378 [8th ed., 1955]). Thus it was not error for the trial court to exclude the same where defendant failed to make known to that court the limited purpose of the offer now suggested, viz., to show defendant’s state of mind (Bonsall v. Shiverick, 229 N. Y. 518; Matter of Bateman, 145 N. Y. 623; see, also, Tomlinson v. Bean, 26 Wn. 2d 354; Roach v. Snedigar, 76 S. D. 63). Moreover, this contention was not raised in the courts below but was advanced for the first time in this court (see Flagg v. Nichols, 307 N. Y. 96, 99).