**John L. DODD, Appellant,**

v.

**Ralph WYATT, Appellee.**

No. 13–83–073–CV.

Court of Appeals of Texas, Corpus Christi.

June 23, 1983.

Rehearing Denied Sept. 8, 1983.

Randall B. Wood, Ray, Wood & Henderson, Austin, for appellant.

James A. Smith, Smith & Hood, Port Lavaca, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an election contest. Appellant John Dodd and appellee Ralph Wyatt opposed each other in the 1982 Democratic primary for the office of County Judge of Calhoun County. Dodd led the voting in the primary, but was forced into a run-off with Wyatt. Victorious in the run-off, Wyatt became the Democratic party's nominee for the office of County Judge. No other party had a name on the ballot for that office in the general election. However, Dodd conducted a vigorous write-in campaign for the office.

The initial tally by the election judges indicated Dodd to be the winner by eleven votes. At Wyatt's request, election officials conducted a recount and Wyatt was declared the winner by eight votes. This election contest followed. The trial court conducted a judicial recount of all of the disputed ballots and affirmed Wyatt as the winner, by fifty-four votes. This appeal resulted.

The election was conducted by paper ballots. The deciding issue in this appeal is how to count ballots which are not marked in conformity with the law and the instructions on the ballot. At the heart of this controversy are the interpretations to be given two particular provisions of the Election Code. Tex.Elec.Code Ann. arts. 1.01–15.74 (Vernon 1967 and Vernon Supp.1982).

Article 6.06 of the Code provides, in pertinent part:

"The failure of a voter to mark his ballot in strict conformity with these directions . . . shall not invalidate the ballot, and a ballot shall be counted on all races and propositions wherein the intention of the voter is clearly ascertainable, *except where the law expressly prohibits the counting of the ballot.*" (Emphasis supplied.)

Article 8.21 reads, in part:

"If the names of two (2) or more persons are upon a ballot for the same office, when but one person is to be elected to that office, *such ballot shall not be counted for either of such persons.*" (Emphasis supplied.)

The provisions of article 8.21 are mandatory. When a ballot contains a vote for two persons for the same office for which only one person may be elected, such ballot will not be counted for either candidate. *Duncan v. Willis,* 157 Tex. 316, 302 S.W.2d 627, 637 (1957); *Mullins v. Powell,* 273 S.W.2d 633 (Tex.Civ.App.—San Antonio 1954, no writ). The San Antonio Court of Appeals, in *Johnston v. Peters,* 260 S.W. 911, 913–14 (Tex.Civ.App.—San Antonio 1924, no writ) and *Wright v. Marquis,* 255 S.W. 637, 638 (Tex.Civ.App.—San Antonio 1923, no writ), held the same way in interpreting the same language of article 3012, which was the predecessor to article 8.21.

In his brief, appellant identifies a total of ninety-four ballots about which complaint is made on appeal. The vast majority of these ninety-four ballots were voided by the trial court as to this particular race, that is, they were not counted for either candidate. In the largest category of voided votes, forty-four in number, the voters marked the box for the straight Democratic ticket, voting for all of the Democratic nominees, including Wyatt, and also wrote in the name of John Dodd in the appropriate write-in space adjacent to the office of County Judge. In a similar fashion, there were at least seven ballots on which appeared marks in the square opposite the name Ralph Wyatt plus the name John Dodd written in the proper write-in space. There were at least nine ballots on which the straight Democratic ticket box was marked (which included a vote for Wyatt) and the name John Dodd was written in somewhere on the ballot, but not on the proper line for County Judge. Dodd argues that all these ballots should be counted as a vote for John Dodd because the voter indicated that he or she intended to vote for John Dodd. He refers us to the instructions and examples contained in the pamphlet for election officials distributed by the Secretary of State for the State of Texas. The Secretary of State's pamphlet does suggest that election officials *may* choose to count a vote for an individual write-in candidate over a straight ticket vote when the two are marked in conflict on the same ballot. If we were to follow this suggestion, it would appear that the trial court was in error in not choosing the write-in vote over a straight party ticket vote, or a write-in vote over a candidate whose name was printed on the ballot and where the voter marked such candidate's name with an "X."

The plain meaning of the Election Code must control. If the instructions promulgated by the Secretary of State indicate a different ruling, such instructions must yield to the legislative mandate.

We hold that a vote for the straight Democratic ticket in this instance was a vote for Ralph Wyatt, the official nominee of the Democratic party whose name was printed on the ballot. Voters who marked the straight ticket box (voting for Wyatt) and then wrote in John Dodd voted for two candidates for the office of County Judge. The trial court was correct in finding that those ballots should not be counted for either person. Article 8.21 Election Code. See *Jordan v. Westbrook,* 443 S.W.2d 616, 619 (Tex.Civ.App.—San Antonio 1969, no writ).[1]

In sustaining the trial court's action on these ballots where the voters voted for two different people for the same office, the trial court's judgment must be affirmed. The remaining contested ballots complained of will not affect the outcome of the race. Ralph Wyatt is the duly elected County Judge of Calhoun County.

AFFIRMED.

---

1. Chief Justice Cadena, in his concurring opinion, agrees that a vote for a straight party ticket plus a vote for an independent candidate running against a party nominee is a double vote for that race and should be voided.