■ VINCENT IPPOLITO et al., Appellants, v NEEMA EMERGENCY MEDICAL OF NEW YORK, P. C., et al., Respondents.—In an action for a judgment declaring certain provisions of a contract between the parties illegal, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered June 20, 1985, as upon reargument, adhered to its prior determination denying their motion for partial summary judgment.

Ordered that the order is affirmed, insofar as appealed from, with costs to the respondent NEEMA Emergency Medical of New York, P. C.

This appeal concerns certain restrictive covenants in contracts between the defendant NEEMA Emergency Medical of New York, P. C. (hereinafter NEEMA) and plaintiffs and between NEEMA and the defendant St. Francis Hospital which barred the plaintiffs from working for St. Francis Hospital for three years after the contracts expired. NEEMA is a professional service corporation which staffs hospital emergency rooms with medical personnel and takes care of all related administrative responsibilities in return for a percentage of the emergency room fees collected by the hospital. It does this by also contracting with individual physicians and medical personnel (referred to as "Subcontractors") who agree

to provide their services to the client hospital on behalf of NEEMA in return for a direct salary from NEEMA. The plaintiffs, four physicians, moved for partial summary judgment on that part of their cause of action which sought a judgment declaring the restrictive covenants unreasonable, invalid, and unenforceable. Special Term denied this motion and held that the restrictive covenants were necessary to protect NEEMA's "legitimate business interest in seeing that its contracts continue and are perpetuated", were not offensive or harmful to the general public, and were not unreasonably burdensome to the plaintiffs. Upon reargument, the court adhered to its original determination.

On appeal, the plaintiffs concede that the restrictive covenants were not unreasonably burdensome by reason of the scope of their time and area restrictions, but argue that they should not be enforced because they do not protect any "legitimate interest" of NEEMA's (see, e.g., Reed, Roberts Assocs. v Strauman, 40 NY2d 303). We disagree. Clearly, NEEMA has a legitimate business interest in protecting its contractual relationship with its hospital clients, and thus remaining in business. Because the restrictive covenants in question tend to ensure to some extent that its contracts with hospitals will be renewed, enforcement of the covenants will protect a legitimate interest of NEEMA.

The plaintiff's other arguments were not raised before Special Term, and thus will not now be considered on appeal by this court (see, Flagg v Nichols, 307 NY 96, rearg denied 307 NY 804). Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.