

# THE ATTORNEY GENERAL
## OF TEXAS

December 23, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Ernestine Glossbrenner            Opinion No. JM-998
Chairman
Elections Committee                         Re: Effect of a straight
Texas House of Representatives              party vote under certain
P. O. Box 2910                              circumstances   (RQ-1610)
Austin, Texas    78769

Dear Representative Glossbrenner:

You ask two questions about the counting of ballots on which a voter indicates a straight-party vote for two political parties. You provide examples, which we summarize as follows:

Example (1)  A  voter marks a  straight-party vote  for Party A and  a straight-party  vote for Party  B.  No  other marks appear on the  ballot.  In the  race for a  particular office Party A has a nominee on the ballot but Party B  does not.

In this example you ask whether Party A's candidate for the particular office is entitled to have a vote tallied for him since there is no opponent in Party B.

Example (2)  A  voter marks a  straight-party vote  for Party A and a straight-party vote for Party B.  Both parties have a nominee on the  ballot for a particular office.  The voter also places an individual mark next to the name of the nominee for Party A indicating a vote for that candidate for the particular office.

In this example you ask how the ballot is to be tallied for the particular office.

The provisions governing ballot instructions and ballot counting  are found  in the Election  Code.  Section  52.070 prescribes the instructions that are to appear on  a  ballot on which candidates'  names appear.  Pertinent portions  of that section provide:

> (a)   A square for voting shall be printed to the left of each candidate's name on a ballot.

> (b)   Immediately below 'OFFICIAL BALLOT,' the following instruction shall be printed: 'Vote for the candidate of your choice in each race by placing an "X" in the square beside the candidate's name.'   (Emphasis added.)

Additional ballot instructions are prescribed by section 52.071 of the code for use on a ballot on which political party columns are to appear.   That section states:

> (a)   On a ballot on which a party column appears, a square larger than the square prescribed by Section 52.070(a) shall be printed to the left of each political party's name.

> (b)   The following instruction shall be added to the instruction required by Section 52.070(b):  'You may cast a straight-party vote (that is, cast a vote for all nominees of one party) by placing an "X" in the square beside the name of the party of your choice. If you cast a straight-party vote for all the nominees of one party and also cast a vote for an opponent of one of that party's nominees, your vote for the opponent will be counted as well as your vote for all the other nominees of the party for which the straight-party vote was cast.'   (Emphasis added.)

"Straight-party vote" is defined by section 1.005(20) of the Election Code as "a vote by a single mark, punch, or other action by the voter for all the nominees of one political party and for no other candidates."  The method of tallying straight-party votes is provided in section 65.007 of the Election Code:

> (b)   Except as provided by Subsection (c), each straight-party vote shall be tallied for the party receiving the vote instead of being tallied for the individual candidates of the party . . . .

(c)  If a ballot indicates a straight-party vote and a vote for an opponent of one or more of that party's nominees, a vote shall be counted for the opponent and for each of the party's other nominees whether or not any of those nominees have received individual votes.  (Emphasis added.)

The paramount statutory rule on ballot counting is prescribed by section 65.009:

(a)  Failure to mark a ballot in strict conformity with this code does not invalidate the ballot.

(b)  Marking the ballot by marking through the names of candidates for whom . . . the voter does not desire to vote does not invalidate the ballot.

(c)  A vote on an office or measure shall be counted if the voter's intent is clearly ascertainable unless other law prohibits counting the vote.[1]  (Emphasis added.)

The Election Code proscribes the counting of a vote in a particular office when a voter marks a ballot for more candidates for the office than the number to be elected. This prohibition does not affect the combined straight-party plus individual-candidate voting provided for in section 65.007(c) quoted above. See Elec. Code § 65.011.

The two examples you present raise questions of the voter's intent. By marking two straight-party votes, the voter has marked the ballot in a manner that does not strictly conform to law; the Election Code makes no reference to straight-party votes for two political parties.

We have found no Texas cases addressing the question of ballots marked for two political parties. Other jurisdictions have confronted this issue and different conclusions

---

1.  The Election Code describes several types of ballots which are not to be counted. See § 65.010. None of these instances is relevant to the questions at issue in this opinion.

were reached.  The Illinois Supreme Court in <u>Winn v. Blackman</u>, 82 N.E.  215 (1907) held that two straight-party markings reflected the voter's intent to vote for candidates of both political parties.  The court reasoned, therefore, that the unopposed candidates in each party were entitled to have votes counted in their races.  A state statute that provided a result identical to the ruling in <u>Winn</u>, <u>supra</u>, was confirmed by the New York Supreme Court in <u>In Re Holmes</u>, 61 N.Y.S. 775 (1899).

A contrary result was reached by the South Dakota Supreme Court in <u>McMahon v. Polk</u>, 73 N.W. 77 (1897) and in <u>Moody v. Davis</u>, 82 N.W. 410 (1900).  The <u>McMahon</u> and <u>Moody</u> courts held the entire ballot a nullity when both political party columns were marked. <u>See also</u>, <u>McNally v. Board of Canvassers of Wayne County</u>, 25 N.W.2d 613 (1947).

This split of authority on this issue confirms an earlier determination of this office that reasonable minds may differ on the voter's intent in indicating a preference for two political parties.

Your examples are among the situations listed in the secretary of state's published guidelines on counting ballots.  <u>See</u> <u>Paper Ballot Handbook for Election Judges and Clerks 1988-1989</u>.

The office of the secretary of state has published guidelines to assist election judges in the counting of ballots for approximately twenty years.  The first secretary of state to publish the guidelines submitted them to this office for approval in 1968.  In Attorney General Opinion M-284 (1968) this office was asked about the validity of certain rules for counting election ballots promulgated by then secretary of state Roy Barrera.  Those rules were prompted by a 1967 amendment that changed the manner of marking a ballot from the "scratch" method to the "check" method that is described in section 52.070(b) quoted above.

In promulgating the original ballot counting rules in 1968, the secretary of state relied on the authority provided to the secretary of state in article 1.03, subdivision 1, of the Election Code (now repealed and re-codified in section 31.003) "to obtain and maintain uniformity in the application, operation, and interpretation of the election laws."

The two examples about which you inquire were among the situations described by the secretary of state in 1968 and

considered in the earlier opinion. In Attorney General Opinion M-284 this office found that the authority vested in the secretary of state by article 1.03 to issue directives on the counting of ballots was limited by article 6.06 of the Election Code (now repealed and recodified in relevant part as section 65.009(c)) to those situations in which the voter's intent is "clearly ascertainable." The opinion stated:

> we cannot sanction directives promulgated by the Secretary of State . . . unless as a matter of law, based upon the fact situation presented, reasonable minds could not differ in the application of a chosen rule to that specific fact situation.

Attorney General Opinion M-284 at 7.

Regarding your first example (a straight-party mark in two party columns with no other marks on the ballot) the secretary of state's rule in 1968 as well as the 1988 guideline indicate that no vote is counted for any candidate in either party. The rule makes no exception for the offices for which one party has no nominee.

Similarly, a suggested method of counting the ballot you describe in your second example (a straight-party mark in two party columns with some individual candidates marked) appeared in the 1968 rules and is found in the current guidelines. Both suggest ignoring the straight-party marks and counting individual marks in some circumstances.

After careful consideration of the original ballot counting rules, then Attorney General Crawford Martin concluded that the secretary of state was only authorized to promulgate rules that illustrated statutorily expressed counting provisions. Regarding the rules that illustrated ballots not marked in conformity with the law, this office concluded that it could not as a matter of law say that the "rules contained no questions of fact about which reasonable minds could not differ." Accordingly, the attorney general refused to sanction those rules.

We agree with the earlier opinion of this office that it is the responsibility of the election judge, initially, and the trier of fact in an election contest, ultimately, to

examine the ballots to determine  the intent of the  voter.[2] The secretary of  state's interpretive responsibility  under section 31.003 of the Election  Code does not authorize  the secretary of state to  prescribe rules for counting  ballots that are marked in  such a manner as  to allow for  multiple interpretations of voter intent.

We have  found  only  one  reported  judicial  decision discussing the secretary of  state's ballot counting  guidelines.   In Dodd v. Wyatt, 656 S.W.2d 564 (Tex. App. - Corpus Christi 1983, writ dism'd),  the court rejected a  guideline that permitted  the  counting  of a  ballot  where  a  voter marked a straight-party vote and then voted individually for an opponent of that party's nominee for a particular office. Wyatt preceded  the  1984  amendment  reflected  in  section 65.007(c) of the Election  Code that now expressly  provides for this method of marking a ballot.  The reasoning in Wyatt mirrored the rationale  in Attorney  General Opinion  M-284. If the statute provides specific instruction in the counting of a ballot, it is to be followed.  In all other  instances, the determination  of  voter  intent must  be  left  to  the determination of the election judge.  Neither the  secretary of state nor  any other authority  is authorized to  declare the manner  in  which  an ambiguous  or  imperfectly  marked ballot is to be counted.

Neither the secretary  of state nor  any other  officer attempting to issue an anticipatory counting rule is in  the position of an election judge.  The judge will be confronted not only with the actual markings on the ballot but may also

---

2. Election  Code  Section  221.002  establishes jurisdiction of  election  contests  in  the  following tribunals:  (1) the senate and house of representatives,  in joint session, have exclusive jurisdiction in a contest of a general election  for  governor,  lieutenant  governor, comptroller  of  public  accounts,  state  treasurer, commissioner  of  the  general  land  office,  or  attorney general; (2) the  senate  has exclusive  jurisdiction of  a contest for state senator; (3) the house of  representatives has  exclusive  jurisdiction  of  a  contest  for  state representative;  (4) the  state  board  of  canvassers  has exclusive jurisdiction  of  a  contest of  the  election  of presidential  electors;  and  (5) the  district  court  has original jurisdiction and the court of appeals has appellate jurisdiction of contests for other offices.

consider circumstances such as the text of the instructions printed on the ballot (or the absence thereof), the ballot format and layout, the method of voting used in the election, and other factors about which a rule-maker cannot be cognizant during the rule-making process.

Until the legislature directs by statutory mandate how ballots marked in the manner described in your two examples are to be counted, it is our opinion that an election judge or the trier of fact in an election contest has the duty to determine whether the voter's intent is ascertainable. If so, the ballot must be counted in a way that gives effect to the voter's intent. If not, the portion of the ballot for which the voter's intent cannot be ascertained may not be counted.

### S U M M A R Y

The secretary of state has no authority to issue rules governing the counting of ballots that are not marked in strict conformity with law.

An election judge or the trier of fact in an election contest has the duty to determine whether the voter's intent is clearly ascertainable and, if so, to count the ballot in a manner that gives effect to the voter's intent.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General