In the Matter of the Estate of ALPHONSE FONTHEIM, Deceased.

Surrogate's Court, New York County, March 11, 1939.

*Mottur & Mottur* [*J. Preston Mottur* of counsel], for the petitioner.

*Leon P. Falk*, for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Maurice H. Matzkin, Assistant Attorneys-General*, of counsel], *amicus curiæ.*

FOLEY, S. This is an application by the administratrix to have the proceeds of a judgment in her hands declared exempt from levy and execution by creditors.

The decedent was employed as a salesman and was injured in a street car accident during the regular course of his employment. As a result of the accident, the decedent became insane. Shortly after the accident, the decedent's wife filed a claim for compensation and at the same time she filed a notice of her intention to sue the third party pursuant to the provisions of section 29 of the Workmen's Compensation Law. She procured her appointment as guardian *ad litem* of her incompetent husband and successfully prosecuted an action against the street railway company and recovered a judgment of $3,300. A few days after the verdict, the decedent died as the result of injuries received in the accident. His widow thereupon procured her appointment as administratrix of his estate and collected the proceeds of the judgment. She thereafter filed a further claim for death benefits under the Workmen's Compensation Law on behalf of herself, as widow, and her two infant children, as dependents. Her application is still pending and no award has as yet been made by the State Industrial Board on the compensation claims.

A general creditor of the decedent on a promissory note now attempts to reach the proceeds of the action in payment of her debt. The administratrix seeks a determination that the proceeds of the third-party action are exempt from levy and execution by creditors.

Section 33 of the Workmen's Compensation Law provides in part: " Compensation or benefits due under this chapter * * * shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived."

Section 29 of the Workmen's Compensation Law provides that if an employee, entitled to compensation, is injured or killed by the negligence of a third party, the employee or his dependents need not elect to take compensation or to pursue the remedy against the third party, but may take compensation and at the same time pursue the remedy against the third party. This section further provides that the insurance carrier or the person or corporation liable for the payment of the compensation shall have a lien on the proceeds of the recovery from the third party, after the deduction of reasonable expenses incurred in effecting the recovery, to the extent that the compensation awarded or estimated is paid or to be paid by such insurance carrier. Subdivision 2 of this section provides that if the injured employee or his dependents do not bring a third-party action within the time limited, his or their failure to bring the action will

operate as an assignment of the cause of action to the insurance carrier.

There are numerous authorities which have commented on the beneficent purpose of the statutes embodied in the Workmen's Compensation Law and the necessity for a liberal construction of these statutes. In *Surace* v. *Danna* (248 N. Y. 18) Chief Judge CARDOZO, in characteristic language, emphasized the necessity for preserving the exemption conferred by section 33 of the Workmen's Compensation Law, if the purpose of the act was to be given effect. Section 33 provides that " compensation or benefits " are exempt from the claims of creditors. Under section 29 of the Workmen's Compensation Law, a recovery from a third party by the insured or his dependents is in lieu of the award which has been made or to be made up to the time of such award. In the first instance, if no award has been made, the recovery from the third party is a " benefit " within the purview of section 33 of the Workmen's Compensation Law and as such is exempt from levy and execution by creditors. It may be, however, that if the net recovery exceeds the compensation award, the surplus may be reached by creditors. There appears to be no reported case on this point.

Here, however, the decedent was survived by a widow and two infant children, aged seven and eight, who are stated to be without resources. No compensation award has yet been made. The proceeds of the judgment in the hands of the administratrix will be set off against any award which is to be made in the future. As such, they stand at the present time in lieu of the award and must be considered as benefits under the Workmen's Compensation Law. No execution may be issued against such proceeds nor any payment to a general creditor of the estate directed in any event until after the award is made on the claim for compensation. To permit the payment now would not only be contrary to the provisions of the statute granting the exemption, but would impair the lien of the insurance carrier or other person or corporation from whom the award would be payable. Such lien would necessarily take priority over the claim of a creditor of the decedent.

I accordingly hold that the proceeds of the judgment in the hands of the administratrix must be held by the administratrix until the compensation award is made by the State Industrial Board. Whether or not execution may be issued after an award is made is an academic question at the present time, for if the award exceeds the amount of the judgment it is obvious that there will be no fund to which creditors may resort.

Submit decree on notice in accordance with this decision.