Collins, S.
The only asset of this estate is a workmen’s compensation disability award of $752.04. The decedent’s claim for compensation was pending at the time of her death, and the award to her estate was made nearly eighteen months after her death.
The decedent was survived by two daughters and a son, all of whom are adults. One of the daughters paid a funeral bill of $766.10. She has been reimbursed in the sum of $475 and makes claim for the balance. The attorney for the administratrix requests compensation of $100. The New York City department of hospitals filed a claim for $1,367.85 for hospital care of the decedent and the department of welfare seeks *484 recovery of $568.97. Neither claim is disputed. The city objects to the amount paid on the funeral bill as excessive and unreasonable and to the entire claim for the balance thereof. The administratrix asks dismissal of the objections of the department of hospitals and the department of welfare on the ground that the city is a general creditor and that the workmen’s compensation award is wholly exempt from the claims of creditors.
Section 33 of the Workmen’s Compensation Law reads: “ Compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees or their dependents, except as hereinafter in this section provided. In the case of the death of an injured employee to whom there was due at the time of his or her death any compensation under the provisions of this chapter, the amount of such compensation shall be payable to the surviving wife or husband, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving wife or children, then to the dependents of such deceased employee or to any of them as the board may direct, and if there be no surviving wife, children or dependents of such deceased employee, then to his estate. An award for disability may be made after the death of the injured employee.” (Emphasis added.)
In Surace v. Danna (248 N. Y. 18, 19-20) the court was asked to determine whether the exemption granted in section 33 of the Workmen’s Compensation Law continued in respect of moneys received by an injured workman and deposited by bim in a bank account in his name. In construing the statute, Chief Judge Cardozo said: ‘ ‘ The Workmen’s Compensation Law was framed to supply an injured workman with a substitute for wages during the whole or at least a part of the term of disability. He was to be saved from becoming one of the derelicts of society, a fragment of human wreckage * * *. He was to have enough to sustain him in a fashion measurably consistent with his former habits of life during the trying days of readjustment. The cost of such support becomes a charge upon the industry without regard to fault. Rehabilitation of the man, not payment of his ancient debts, is the theme of the statute and its animating motive.
“ The exemption must have a meaning consistent with the policy behind it. Few words are so plain that the context or *485 the occasion is without capacity to enlarge or narrow their extension. The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity. ’ ’
Reading the statute in the light of the ‘ end to be served ’ ’ and “ the mischief to be averted ” (p. 25) the court there held that the words Compensation or benefits due ” were broad enough to cover funds received by the workman and deposited to his account. The question now before the court is whether these words can be extended to an award paid to the estate ’ ’ of the deceased workman and held by his personal representative for distribution.
Neither the broad policy behind the Workmen’s Compensation Law nor the particular purpose of the Legislature in granting the exemption would justify extending the exemption to assets held by an administrator and ready for distribution. Section 33 provides for payment to the injured workman, or if he be then dead, to his surviving spouse, or if there be no surviving spouse, to his children under the age of eighteen years. If there be no spouse and no such minor children, the award is to be paid to his dependents or to such of them as the board directs. Up to this point the award is payable directly to the family of the workman. The policy behind the statute may well require the fexemption to follow the funds into the hands of the family ^mqrjibers until the legislative purpose has been satisfied. However, where there is no surviving spouse, no minor child and ■no dependent of the workman, the award is payable to his «estate It will be noted that the statute does not say to his (distributees ’ ’ or to “the legatees” under his will. It does not say that the award shall be paid to his personal representative for distribution in any particular manner or that the fund shall be kept separate from other assets of the estate. In «directing payment merely “ to his estate ”, the Legislature, undoubtedly meant that the amount paid became an asset of the estate and that distribution of it was to be governed by such statutes and rules as apply to estate administration generally. Having exhausted the list of all those dependent in law or in fact on the decedent, the Legislature apparently was content to let the award pass as if it were a general asset of the decedent.
The general personal assets of an estate are “to be applied and distributed as part of the personal property of the testator or intestate ” (Surrogate’s Ct. Act, § 202). The executor or administrator must proceed with diligence to pay the debts of the deceased ” according to such priorities and preferences as are specified by law (§ 212). The distributees take only what *486 is left after administration expenses and funeral expenses are met and all valid debts paid. The Legislature unquestionably had in mind the rules established by it for distribution of estate assets. Had it intended any different method of distribution for this asset, it would undoubtedly have expressed such an intention.
The court, therefore, holds that the exemption of ‘ ‘ Compensation or benefits due ” under the Workmen’s Compensation Law does not continue to attach to moneys paid to the “ estate ” and held by the personal representative for general distribution.
The decision in Matter of Fontheim (171 Misc. 24) is not contrary to the decision reached here. In that case the decedent won a verdict against the third party. He died a few days later and his administratrix collected the judgment. The widow filed a claim for death benefits under the Workmen’s Compensation Law on behalf of herself and two minor dependent children. That matter was still pending. A general creditor sought to reach the proceeds of the judgment. Pointing out that the proceeds of the judgment would stand in the place of an award of compensation and that the insurer might have some lien thereon, the court ruled that the proceeds must be held until a compensation award was made by the Industrial Board. That case in no way involved an award payable ‘ ‘ to the estate ’ ’ of the injured workman.
The reasonable compensation of the attorneys for the petitioner is fixed in the sum of $100. The reasonable funeral expenses are fixed in the sum of $475, and the objections are sustained as to payment of any greater sum. The balance on hand after payment of these expenses and of any other expenses of administration that may be taxed herein, will be distributed pro rata to the objectants who are the only creditors.
Submit decree on notice settling the account accordingly.