## (March 20, 1964)

THE GUPTILL HOLDING CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36563.) — Appeal by the State from a judgment of the Court of Claims for direct and consequential damages arising out of an appropriation of lands for purposes of the Northway. The appropriation was of small parcels taken from each of two large contiguous tracts which were in the course of development as one unit. After the appropriation and the filing of the claim, the State advised claimant corporation that title to one of the parcels appeared to be in the name of Charles M. Guptill, claimant's president, and suggested that he assign his claim to the corporation and that the corporation's claim be amended so as to include the damage to both parcels, all of which was done. At no time thereafter did the State raise the question of diversity of ownership as of the appropriation date, until it was asserted and argued upon this appeal. Claimant urges that questions of law or of fact not presented in the trial court cannot be raised here as grounds for reversal, citing, *inter alia, Schillawski* v. *State of New York* (9 N Y 2d 235) and *Flagg* v. *Nichols* (307 N. Y. 96, mot. for rearg. den. 307 N. Y. 804); but this case seems to us to be within the recognized exceptions to that general rule since the question is a basic legal issue, fundamental to the recovery — that of title and ownership as of the appropriation date. This question is not the kind which could have been obviated had it been raised on the trial (see *Matter of Kaplan* [*Blumenfeld*], 8 N Y 2d 214, 220, and case there cited; 9 Carmody-Wait, New York Practice, § 337, p. 34); or at least we are given no intimation that any alternative theory or line of proof would have been submitted had the State made the objection now raised. For the same reasons, the State's present objection, though inconsistent with the theory of the trial (cf. *Matter of Lefkowitz* v. *Cohen*, 286 N. Y. 499) must, nevertheless, be entertained. In its brief, the State would define the issue as the question: "May two contiguous, jointly-used tracts which are separately owned, one by an individual, and

the other by a corporation owned and controlled by that individual, be treated as one tract?" An answer to that inquiry would amount to no more than an advisory opinion inasmuch as the record is devoid of any proof whatsoever as to Mr. Guptill's interest in or other relationship to the corporation, other than testimony that he was its president. The State's contention that, to warrant severance damages, unity of title or ownership must be shown, in addition to contiguity and common use, is unquestionably true as an abstract proposition. The record before us affords no basis for considering whether the rule might have to be relaxed, or whether close and long-term control could be equated to unity of ownership, where, as here, a well-advanced, functionally unified development can be shown; and any question as to apportionment of damages has been removed by assignment from one owner to the other; and mutual interest and advantage would clearly have demanded — had the proprietors determined to sell — that the tracts be treated as a unit for purposes of evaluation by, and sale to a willing buyer; and where, in addition, there shall exist the factor of control — an element not proven here — by contractual or other effective arrangement. (Cf. 4 Nichols, Eminent Domain [3d ed.], § 14.31, subd. [2], p. 734.) The question is a novel one and the answer uncertain at best and determinable only upon a fully-developed record. Judgment reversed, on the law and the facts, without costs, and a new trial ordered. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.