Richard D. Simons, J.
Plaintiff moves by order to show cause to vacate restraining notices served on defendant by several of his judgment creditors.
The plaintiff was injured during the course of his employment when struck by a motor vehicle owned by defendant and has recovered a substantial settlement from the defendant in this third-party action. After the payment of compensation liens, attorneys’ expenses and trial costs from the total settlement, there remained a balance of $39,864.
The Workmen’s Compensation Board found that plaintiff was permanently disabled as a result of the accident. Prorating the balance of the settlement at the statutory rate of compensation, it determined that the proceeds were received in lieu of compensation from Januray 1, 1967 until December 15, 1980 at which time payments from the compensation carrier would resume.
The question is whether these proceeds are exempt property unavailable for satisfaction of various judgments entered against plaintiff. The proceeds are exempt.
All property owned by a debtor is available to satisfy a judgment debt unless specifically exempt by statute. (22 N. Y. Jur., Exemptions, § 1.) The parties agree that unless the proceeds are exempt under section 33 of the Workmen’s Compensation Law, they may be used to satisfy these judgments.
Section 33 of the Workmen’s Compensation Law provides: ‘ ‘ Compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. ’ ’
Plaintiff claims the net proceeds, being in lieu of weekly compensation benefits and analogous to a lump sum benefit, are exempt. (Surace v. Danna, 248 N. Y. 18; Di Donato v. Rosenberg, 221 App. Div. 624; Matter of Fontheim, 171 Misc. 24,174 Misc. 477.) The judgment creditors argue that proceeds of the third-party action are not compensation or benefits 61 due under ” the Workmen’s Compensation Law and, therefore, are not exempt from creditors’ claims.
*82 Exemption statutes, although in derogation of the common law, are to be construed liberally in favor of the beneficiary. (22 N. Y. Jur., Exemptions, § 4.) The purpose of the compensation law is to supply an injured workman with a substitute for wages during the term of his disability and prevent him from becoming a charge upon society. The exemption of compensation benefits is for the protection of the workman. Subjecting the proceeds of his recovery to the satisfaction of personal debts defeats this purpose. (Surace v. Danna, supra, p. 20.)
The proceeds in dispute are a consequence of a third-party action which the workman was authorized to bring for Ms own benefit. (Workmen’s Compensation Law, § 29, subd. 1.) The disposition of the proceeds is governed by that section. Upon recovery in the third-party action, the compensation carrier became liable to the injured employee only for the deficiency between the amount of the award as finally determined and the amount of the third-party recovery. (Workmen’s Compensation Law, § 29, subd. 4; Matter of Curtin v. City of New York, 287 N. Y. 338.) While the proceeds of the settlement were not literally benefits due under the chapter, in the sense that they did not come from the compensation carrier, they were obtained in an action authorized by the statute, their disposition was regulated by the statute and they took the place of benefits due under the statute. If the plaintiff failed to assert the cause of action, it could be assigned to the compensation carrier who could do so and credit the proceeds to the compensation award. (Workmen’s Compensation Law, § 29, subd. 2.) The net proceeds of the settlement are exempt property under section 33 of the Workmen’s Compensation Law.
The proceeding is improper in form. (Cf. CPLR 5222, 5240.) Nevertheless, the court has jurisdiction of all the parties and the defect should be cured by the court without dismissal. (CPLR 103, subd. [c], 104; Matter of Nowak v. Wereszynski, 21 A D 2d 427; Power v. Loonam, 45 Misc 2d 818.) Motion granted. Bestraining orders vacated.