**In the Matter of Lyle Anthony FETTIG, Bankrupt.**

**William J. RAMEKER, Trustee, Plaintiff,**

**v.**

**Lyle Anthony FETTIG and Beverly Fettig, Defendants.**

**Bankruptcy No. 79–00329.**

United States Bankruptcy Court, W. D. Wisconsin.

March 31, 1980.

William J. Rameker of Rameker & Rudoy, S. C., Madison, Wis., for William J. Rameker, trustee, plaintiff.

August E. Fabyan, Jr. of Haight & Fabyan, Hartland, Wis., for Lyle Anthony Fettig and Beverly Fettig, defendants.

---

## DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

█ This is an action by Trustee William J. Rameker ("Rameker") to disallow a portion of bankrupt's claimed homestead exemption and to receive permission to partition and sell the subject property. On March 26, 1979, defendant, Lyle A. Fettig ("Fettig") filed a voluntary petition in bankruptcy. On Schedule B–4 attached to his petition in bankruptcy, Fettig claimed real estate purchased jointly with his wife, who has not been adjudicated a bankrupt, by land contract dated May 25, 1978. The subject property is located at 199 Monroe Road in Oconomowoc, Wisconsin, and consists of Parcel "A" and Parcel "B" of a certified survey map recorded in the office of the Register of Deeds for Dodge County, Wisconsin. Parcel "A" includes the defendants' residence at the time of filing and 9.19 acres of adjoining land. Parcel "B", surrounded on three (3) sides by Parcel "A" with a fourth side contiguous to a highway which fronts both parcels, includes a duplex which consists of two (2) rental units. The monthly income from the rental units is $450 which has been used to make payments for the land contract, to pay taxes, insurance and normal maintenance costs on both parcels. Defendants contend that Parcel "B" meets the criteria of the homestead exemption and should not be disallowed because the duplex is income producing property.

Rameker does not dispute that a vendor with a land contract can qualify for the homestead exemption or that two (2) adjacent parcels can be considered as one tract of land. His sole claim is that because the Fettigs rent the duplex and do not have a right to present occupancy, Parcel "B" does not qualify for exemption as a homestead under Wis.Stat. § 815.20.

Similar questions of Wisconsin law have been considered by the courts. The homestead exemption was apparently broadened to cover nonresidential structures when Justice Cole wrote:

Nor are we prepared to say that the entire quantity of land must be devoted exclusively to the use of the dwelling. In addition to the dwelling, a person perhaps might erect a small shop, or building of that character, on the lot, which he himself used and occupied for the purpose of his trade or business, without forfeiting the exemption . . . *Casselman v. Packard*, 16 Wis. 121 (1862).

Buildings occupied by the owner for the purpose of a trade or business apparently could qualify for the homestead exemption although it was held in *Casselman* that the rental unit in question did not qualify because the debtor did not occupy the building.

Since *Casselman*, supra, various fact situations have been approved for the homestead exemption. An owner occupied hotel qualified for the exemption in *Binzel v. Grogan*, 67 Wis. 147, 29 N.W. 895 (1886). The court stated that the purpose was to allow an exemption for the homestead and connected land "without regard to the uses to which he puts such land or the business he pursues upon it." (p. 152, 29 N.W. p. 898). In *Roche v. DuBois*, 223 Wis. 438, 271 N.W. 84, 85 (1937), the debtor claimed that 14 cottages located on the parcel where he lived and which the debtor leased on a nightly or weekly basis in the summer months qualified for the homestead exemption. The court agreed:

The situation is not materially different from an owner's living in and operating a hotel on premises. Premises so occupied and used constitute a homestead. *Harriman v. Queen Ins. Co.*, 49 Wis. 71, 72, 5 N.W. 12. Nor is it materially different from a large dwelling house containing rooms to let roomers or occupied by borders. (p. 443, 271 N.W. p. 86).

In *Estate of McKenzie*, 232 Wis. 425, 287 N.W. 695 (1939), the court allowed the homestead exemption for a dance hall and tavern in which the owner resided. The court felt that the homestead exemption must be liberally construed in favor of the debtor and that the debtor's property should qualify for the exemption "regard-

less of the manner [in] which he uses the property if he resides thereon . . ." In the relatively recent decision of *Schwanz v. Teper*, 66 Wis.2d 157, 223 N.W.2d 896 (1974), the court again took the opportunity to liberally apply the homestead exemption and held that an owner occupied duplex would qualify.

> We conclude the exemption of rental income from the homestead is within the spirit of the exemption law and should be recognized to give effect to the public policy favoring homestead exemptions. (p. 167, 223 N.W.2d p. 901).

The common thread throughout these situations is that the buildings were actually or constructively owner occupied and were used for the owner's trade or business as well as a residence.

Several times Wisconsin courts have refused to allow the homestead exemption. In *Schoffen v. Landauer*, 60 Wis. 334, 19 N.W. 95 (1884), the debtor claimed the exemption for a building which was rented to tenants. The court held that a leased building and the land on which it stands "are not exempt, unless in a case where the rented [building] is occupied by servants who were employed in the family of the owner." (p. 338, 19 N.W. p. 97). *In Re Fish's Estate*, 214 Wis. 464, 253 N.W. 387 (1934), the decedent had rented her former residence to her son from 1925 until her death in 1932. The decedent left the premises in 1926 and returned to live as a guest of her son the last seven (7) months of her life. The court held that the decedent had abandoned the property and that it was not her homestead at death. "Present right of occupancy is essential to entitle one to homestead rights. Without right of present occupancy the owner of the fee has no homestead right . . ." (p. 467, 253 N.W. p. 389).

The Fettigs rely mainly on *Schwanz v. Teper*, supra, and *Roche v. DuBois*, supra, both of which can be distinguished from the present case. In *Schwanz*, supra, the owner/debtor resided in the upper flat of the duplex while renting out the lower flat. In *Roche v. DuBois*, supra, where the debtor rented out fourteen (14) "cottages or wood-

en 'shacks' ", the court equated the situation to an owner occupied hotel or boarding house. The court felt that the rental units were incidental to the fact that the premises were the owner's residence. In the Fettigs' situation, the duplex is not being used as the owners' residence nor is the leasing of the duplex an incidental activity on the premises.

The concept which allows a trade or business property to qualify for the homestead exemption envisions the family-owned and run grocery store where the family lives above the market or the craftsman who sells his work from his home studio. The business or trade is an integral part of the residence and not simply near the home. Physical proximity is a factor but not the sole criterion of the homestead exemption.

The present case seeks an extension of the previously liberal interpretation of what constitutes a homestead. An exemption for investment or business property is sought solely because the property is near the owners' residence. The historical development described above explains how the argument and fact situation reached this court, but the floodgates must now be closed. If the defendants' reasoning were followed to its logical extension, a drug store, bowling alley or apartment complex next door to a residence might be claimed to be a homestead. I am not satisfied that the legislature intended such a result when the exemption was created to preserve a debtor's living place.

■ The Fettigs have leased a duplex to non-employee tenants. The Fettigs do not reside in the duplex nor have a right of present occupancy. The duplex is not a home based trade or business and does not resemble an owner occupied hotel or boarding house, but rather is simply an investment property located near the Fettigs' home. Investment property, whether income producing or held for appreciation purposes, does not qualify for the homestead exemption.

Upon the foregoing opinion which shall constitute my findings of fact and conclusions of law, it is hereby

ORDERED that the plaintiff's motion for partial summary judgment be granted.