OPINION OF THE COURT
Vincent E. Doyle, J.
Manufacturers and Traders Trust Company (petitioner) petitions, pursuant to CPLR 5206 (e), for an order directing the Sheriff of Chautauqua County to sell the principal residential premises owned and occupied by Clifford and Roselyn Borst (respondents) on the ground that its value exceeds the sum of $10,000. Respondents oppose such motion.
The respondents were part of a corporation known as Penn-York Well Service, Inc., involved in the gas and oil business, which made machinery purchases in an amount of approximately $320,000 financed by the petitioner bank and guaranteed by the respondents. The loan went into default and the petitioner bank sued the respondents on their guarantee, entering judgment against them on March 2, 1982 in a sum of $330,134.32. Executions were issued to the Sheriff on August 3, 1982 and thereafter on September 30,1982 the respondents filed personal bankruptcy in the Western District of New York claiming an exemption of their residential home (the same subject premises in this proceeding) in an amount of $20,000. The respondents received their discharge in bankruptcy on February 14, 1983.
The petitioner bank contends: (1) that since the date of the bankruptcy discharge, it may enforce its judgment lien against the real property of the respondents, (2) that the respondents are *692 entitled to utilize only their State exemptions in this proceeding since New York State “opted out”, (3) that the State exemption is limited to $10,000 and (4) that it is a single exemption per homestead and is not cumulative.
The respondents argue: (1) that the State law permits the aggregation of exemptions within the bankruptcy context to an amount of $20,000, (2) that the present market value of the respondents’ residential property is about $12,216 and (3) that the petition should be denied.
In the case at bar, the competing statutes are CPLR 5206 and 11 USC § 522. CPLR 5206 reads in part as follows:
“§ 5206. Real property exempt from application to the satisfaction of money judgments
“(a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
“1. a lot of land with a dwelling thereon” (emphasis added), while 11 USC § 522 (m) provides that the bankruptcy exemptions enumerated in or derived from section 522 “shall apply separately with respect to each debtor in a joint case.”
The intention of Congress in enacting section 522 (m) was that all allowance exemptions run to the benefit of each debtor or spouse who filed a joint petition (Cheeseman v Nachman, 656 F2d 60 [4th Cir 1981]; In Re Rizzo, 21 Bankr 913; Matter of Sullivan, 680 F2d 1131).
If there is an inconsistency between the two statutes, the State scheme must yield to Federal policy (US Const, art VI, cl 2; Automobile Workers v Hoosier Corp., 383 US 696; Cheeseman v Nachman, supra).
Congress allowed the States to preclude the availability of the Federal exemption scheme in favor of its own exemptions {see, 11 USC § 522 [b]). However, since the section 522 (m) requirement is independent of the “opt out” statute (Debtor and Creditor Law § 284), the State cannot relieve itself of its obligation to provide joint debtors here with its designated exemptions. Where the existing State exemption law frustrates the section 522 (m) purpose, it is a necessary conclusion that the State Legislature in enacting the “opt out” statute intended to accede to Federal policy and to allow the aggregation of exemptions within the bankruptcy content. Otherwise it would be tanta *693 mount to adopting an exemption which is a constitutional nullity (Matter of Pearl, 28 Bankr 492). Additionally, the legislative history of New York’s “opt out” statute is evidence of this State’s accedence to the Federal policy {see, legislative memorandum of Hon. Roger J. Robach, NY Assembly Bill 11207-A [1982]; Governor Carey’s Memorandum on approving L 1982, ch 540, 1982 McKinney’s Session Laws of NY, at 2609; In Re Webb, 29 Bankr 280).
Further, it is both New York and Federal policy to liberally construe exemption statutes (Matter of Perry v Zarcone, 98 Misc 2d 899, mod on other grounds 77 AD2d 881, appeal dismissed 52 NY2d 785; Scheer v City of Syracuse, 53 Misc 2d 80; Porter v Aetna Cas. Co., 370 US 159).
Based upon the foregoing, this court holds that Debtor and Creditor Law § 284 allows for the aggregation of real property exemptions within the context of a bankruptcy proceeding (see, Matter of Pearl, supra; Zuaro v Geotz, 28 Bankr 37; In Re Rizzo, 21 Bankr 913, supra). Thus, the respondents here are allowed a $20,000 exemption.
Finally, the purpose of CPLR 5206 (e) is twofold, (1) to determine whether the value of the homestead exceeds $20,000, thereby permitting the judicial sale and (2) to insure the just and legal distribution of the proceeds of the sale (Matter of Perry v Zarcone, supra). In the instant case the record reveals that (1) in a financial statement submitted to the bank in 1981, at the time of the purchasing of machinery, the respondents listed their residence with a value of $60,000, (2) a value of $20,000 in their bankruptcy petition, and (3) on this proceeding, a value of $12,216; while the petitioner bank argues the property has a value of $30,000. Thus, there is a need to determine whether the respondents’ interest in their residential property exceeds the $20,000 exemption, allowed by this court, thereby permitting a judicial sale.
Accordingly, the court directs that a hearing be held in Special Term, Supreme Court, to determine the value of said property. The parties shall have a reasonable opportunity to prepare for same and shall schedule said hearing within 90 days of the submission of an order herein.