**In re Lester Leo MANN, Velma Mann, Debtors.**

**Bankruptcy No. WF7–86–00083.**

United States Bankruptcy Court,
W.D. Wisconsin.

June 23, 1986.

Raymond F. Thums, Krueger, Thums, Tlusty, Hittner & Kennedy, S.C., Medford, Wis., for debtors.

Corliss V. Jensen, Nikolay, Jensen, Scott & Gamoke, S.C., Medford, Wis., for Stewart Lumber Co.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

WILLIAM H. FRAWLEY,
Bankruptcy Judge.

Stewart Lumber Company (Stewart), by Corliss V. Jensen, has brought this objection to the debtors' claim for a homestead exemption pursuant to Bankruptcy Rule 4003. The debtors appear by Raymond F. Thums and oppose the objection. A hearing was held on this matter on March 27, 1986, and an adjourned hearing was held on April 16, 1986. The parties have submitted the issues for determination by briefs.

The debtors seek to exempt two adjacent parcels of land as exempt under the state homestead exemption statute pursuant to 11 U.S.C. § 522(b)(2). Wis.Stat. § 815.20.

Parcel #1 was purchased by the debtors in September of 1972. The debtors live in a mobile home on this parcel. The debtors have erected a large two-car garage with a storage area on parcel #1. Parcel #2 was purchased by the debtors for use in a construction business which they formerly operated. The debtors had to close down this construction business due to financial difficulties. The debtors built a pole shed on parcel #2 for use in said construction business. Presently, the debtors use the pole shed as a home workshop and for storage of tools and equipment.

The relevant statutory provision with respect to the Wisconsin homestead exemption is § 815.20 of the Wisconsin Statutes.

815.20 Homestead exemption definition. (1) An exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment and from liability for the debts of the owner to the amount of $25,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided. The exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale of the homestead, but shall extend to the proceeds derived from the sale to an amount not exceeding $25,-000, while held, with the intention to procure another homestead with the proceeds, for 2 years. The exemption extends to land owned by husband and wife jointly or in common or as marital property, and when they reside in the same household may be claimed by either or may be divided in any proportion between them, but the exemption may not exceed $25,000 for the household. If the husband and wife fail to agree on the division of exemption, the exemption shall be divided between them by the court in which the first judgment was taken. The exemption extends to the interest therein of tenants in common, having a homestead thereon with the

consent of the cotenants, and to any estate less than a fee.*

The definitions for the words "homestead" and "homestead exemption" are also provided in the Wisconsin Statutes.

(13) HOMESTEAD. (a) The word "homestead" means the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre (if available) and not exceeding 40 acres.

(b) Any amendment of a homestead statute shall not affect liens of creditors attaching nor rights of devisees or heirs of persons dying prior to the effective date of the amendment.

(14) HOMESTEAD EXEMPTION. The words "exempt homestead" mean that part of the homestead within the limitation as to value set forth in s. 815.-20, except as to liens attaching or rights of devisees or heirs of persons dying before the effective date of any increase of that limitation as to value.

Wis.Stat. § 990.01(13) & (14).

Stewart does not object to the acre size or dollar amount of the debtors' claim for a homestead exemption. Likewise, there is no objection to the debtors' claim for a homestead exemption with respect to parcel #1. Stewart's objection is based solely on the claim that the debtors should not be allowed to include parcel #2 under their homestead exemption. Stewart carries the burden of proving that this exemption is not property claimed. Bankruptcy Bankruptcy Rule 4003(c).

■ Initially, Stewart argues that the two parcels are separate and distinct properties. They were purchased at different times and for different purposes. Parcel #1 was purchased primarily as a dwelling place for the debtors, while Parcel #2 was purchased for the construction business that is now defunct. However, the fact that parcel #2 was acquired at a different time and for another purpose does not pre-

* The amount of the homestead exemption was increased to $40,000 effective April 8, 1986, by

Wisconsin Act #153.

clude it from subsequently acquiring the nature of homestead property. See *Eaton Center Co-op Cheese Co. v. Kalkofen*, 209 Wis. 170, 244 N.W. 620 (1932).

Stewart next argues that parcel # 2 constitutes business property that the debtors may not claim as exempt and cites case law purportedly supporting this proposition. *In re Fettig*, 3 B.R. 321 (Bankr.W.D.Wis. 1980). Stewart misconstrues the holding in *Fettig*. *Fettig* stands for the proposition that "investment property" cannot be brought within a debtor's homestead exemption simply by the coincidence of its proximity to the debtor's home. In *Fettig* the debtors had their house on one parcel of land and a duplex which they rented out on a second parcel. The court held that the second parcel was "investment property" that did not qualify for the homestead exemption.

[2] The Fettigs have leased a duplex to non-employee tenants. The Fettigs do not reside in the duplex nor have a right of present occupancy. The duplex is not a home based trade or business and does not resemble an owner occupied hotel or boarding house, but rather is simply an investment property located near the Fettigs' home. Investment property, whether income producing or held for appreciation purposes, does not qualify for the homestead exemption. *Id.* at 323.

■ In the case sub judice, neither of the parcels involved is investment property. The debtors do not hold parcel # 2 either as income property or for appreciation purposes. The fact that the debtors once used the property for business purposes does not preclude them from subsequently using it as a homestead.

■ Finally, Stewart argues that parcel # 2 is not "necessary" for the use of the debtors' dwelling as a home. Stewart asserts that the debtors managed to survive a long period of time on parcel # 1 without the need for using parcel # 2 as homestead property and, therefore, they should not now be allowed to subsume parcel # 2 within their homestead exemption. It argues that the debtors' garage provides substantial storage space and that there is no need for the additional storage space provided by the pole shed on parcel # 2. It further asserts that the debtors would in all likelihood still be using parcel # 2 in their construction business if such construction business was still in existence.

There is a state policy that favors liberally construing the language of the homestead exemption statute in favor of debtors. *Matter of Neis*, 723 F.2d 584, 587 (7th Cir.1983).

> There is a strong public policy in this state to protect the homestead exemption. Because of this public policy, homestead statutes are liberally construed in favor of the debtor, and homestead rights are preferred over the rights of creditors. (citations omitted).

*Schwanz v. Teper*, 66 Wis.2d 157, 163, 223 N.W.2d 896 (1974). The legislature has provided what it considered to be the limits of the homestead exemption. It has set both value and size limitations. In deference to the state policy associated with the homestead exemption, this court recognizes these limits as legislatively prescribed perimeters of reasonableness. Property which otherwise can be classified as homestead property should presumptively be considered "reasonably necessary for the use of the dwelling as a home," as long as it does not exceed such prescribed limits. This presumption can only be rebutted by a specific showing of unreasonableness. Stewart does not allege that the debtors are attempting to exceed these legislatively prescribed limits and has made no specific showing of unreasonableness.

■ Finally, the court notes that the creation of a homestead is a fact-bound question based primarily on a determination of the owner's intent. *Matter of Neis*, 723 F.2d 584, 589 (7th Cir.1984). As the trier of fact, it is quite clear to this court that the debtors considered parcel # 2 to be homestead property at the time they filed their bankruptcy petition. This is not a case where the debtors are attempting to exempt business property simply because it is near their home. Instead, it is both the implied and expressed intent of the debtors to treat and consider this property as home-

stead property. It is the conclusion of this court that Stewart has failed to sustain its burden of proving that the debtors should not be allowed their homestead exemption as claimed. Bankruptcy Rule 4003(c).

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

The court having this day entered its memorandum opinion, findings of fact, and conclusions of law;

IT IS HEREBY ORDERED that Stewart Lumber Company's motion objecting to the debtors' claim for homestead exemption is hereby denied.

IT IS FURTHER ORDERED THAT the debtors are granted the homestead exemption they have claimed pursuant to 11 U.S. C. § 522(b)(2) and § 815.20 of the Wisconsin Statutes.