**Thomas P. CONNELLY, III, as Trustee for Katherine D. Roach, Appellant,**

v.

**Katherine D. ROACH, Appellee.**

**No. CIV–86–460E.**

United States District Court, W.D. New York.

Oct. 26, 1987.

Thomas P. Connelly, III, Buffalo, N.Y., for appellant.

Morris L. Horwitz, Niagara Falls, N.Y., for appellee.

## MEMORANDUM AND ORDER

ELFVIN, Senior District Judge.

This is an appeal from a decision of Bankruptcy Judge Beryl E. McGuire, which determined that the Exemption of Homestead provided in section 5206 of New York's Civil Practice Law and Rules ("CPLR") applied to the one-half interest in the real property which the debtor-appellee had inherited within 180 days of the filing of her bankruptcy petition. The inherited premises had been the debtor's principal residence for at least four years prior to the passing of any legal interest to her. The trustee maintains that the Bankruptcy Court's decision is contrary to section 5206.

Were this matter governed by the federal homestead exemptions of 11 U.S.C. § 522(d), the debtor would be entitled to an exemption for the inherited property because she resided in and maintained the subject property at the time she filed her Chapter 7 petition. This satisfies the federal requirement that the debtor use the land to be exempted as a residence.[1] The New York Legislature's desire to limit the availability of this type of exemption is evidenced by its decision to "opt out" of the federal exemption scheme. Section 5206 requires that the real property to be exempted be "*owned* and occupied as a principal residence * * *." (Emphasis added.) The trustee argues that, because the petition was filed at a time when the debtor clearly did not own the subject property, she is not entitled, according to a literal reading of section 5206, to claim the homestead exemption. To allow her to do so would constitute a windfall.

The few New York cases which provide any degree of guidance belie the trustee's argument that section 5206 should be read narrowly so as to mandate reversal of the Bankruptcy Court. Where the wife and daughter but not the debtor himself occu-

pied the subject residence on the date the petition was filed, the homestead exemption was nevertheless allowed in spite of the "owned and occupied" language of section 5206. *In re Warren*, 38 B.R. 290 (Bankr.N.D.N.Y.1984). That court found such exercise of its equitable power appropriate to "properly effectuate the purpose and function of the New York homestead exemption, and to prevent an inequitable injury to the Debtor and his family * * *." *Id.* at 293. *Accord, In re Pearlman*, 54 B.R. 455 (Bankr.S.D.N.Y.1985); *In re Thomas*, 27 B.R. 367 (Bankr.S.D.N.Y.1983).

In narrowing the scope of the homestead exemption New York's Legislature intended to make the sheltering of assets "more difficult for the purposeful abuser" than it was under the federal scheme. N.Y. Legislative Annual 1982, Memorandum of Assemblyman Roger J. Robach p. 168. There is nothing in the undisputed facts of this case to suggest that the debtor falls into the "purposeful abuser" category. She is entitled to the benefits of the social policy underlying the Bankruptcy Act—"to give the debtor a 'new opportunity in life and a clear field for future effort * * *.'" *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 113–14, 27 L.Ed.2d 124 (1970). We agree with Judge McGuire that, because "certain post-petition acquisitions relate back to the date the petition was filed and are included as part of the estate under section 541(a)(5), it would be inequitable not to allow the debtor to exempt her interest in such property to the extent the exemption would have been permissible if the debtor's interest in such property had actually existed at the time of filing." *In re Roach*, B–84–10047 (March 28, 1986). When inherited property is swept back into a debtor's estate by operation of 11 U.S.C. § 541(a)(5), then the exemptions which ordinarily relate to the property should also apply. It is the trustee, as the party objecting to the claimed exemption, who has the burden of

1. Section 522(d) provides:

"The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residency * * *."

proving that the exemption is not proper. Bankruptcy Rule 4003(c).

The trustee's second argument is that the debtor is barred by laches from claiming the exemption. For that equitable doctrine to apply, more than a delay in asserting a claim must be shown. There must be some prejudice to the opponent should the claim be permitted and, to demonstrate that prejudice, one must show reliance and a change of position resulting from the delay. *Rapf v. Suffolk County of New York*, 755 F.2d 282, 292 (2d Cir.1985). The trustee has failed to sustain this burden.

Accordingly, the decision of the Bankruptcy Court is hereby ORDERED affirmed.