**In re Samuel T. FLATT, Mary Ann Flatt, Debtors.**

**Bankruptcy No. 92–62819.**

United States Bankruptcy Court, N.D. New York.

March 5, 1993.

Allan Bentkofsky, Trustee, Auburn, NY

Devorsetz Stinziano Gilberti & Smith, P.C., Syracuse, NY (Bruce Wood, of counsel), for debtors.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The instant contested matter is before the Court by way of an objection filed by the Chapter 7 Trustee Allan J. Bentkofsky ("Trustee") to the homestead exemption claimed by Samuel and Mary Ann Flatt ("Debtors") in a vacant parcel of real property.

The Court initially heard oral arguments at its regular motion term held in Syracuse, New York, on December 8, 1992. The parties were then given until December 29, 1992 to submit memoranda of law on the issues presented. On December 29, 1992 the Court heard oral argument on the points raised in the memoranda. The matter was submitted for decision on December 30, 1992.

### JURISDICTIONAL STATEMENT

This Court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), 157(b)(1), (b)(2)(A) and (B).

### FACTS

On September 9, 1992 Debtors filed a voluntary Petition under Chapter 7 of the Bankruptcy Code ("Code") (11 U.S.C. §§ 101–1330).

Debtors' Schedule A, filed with their Petition, reveals Debtors' interest in three parcels of real property: i) a residence ("Parcel I" or "Residence") located at 6906 Tully Truxton Road, Tully, New York, ii) a vacant lot ("Parcel II") located at 6900 Tully Truxton Road and iii) a parking lot ("Parcel III") located at 97 Ash Street, Syracuse, New York. It appears that Debtors acquired Parcel I on or about August 30, 1976, and Parcel II on or about June 29, 1989. The acquisition date of Parcel III was not provided by either of the parties.

On November 30, 1992, Debtors filed an amended Schedule A. Then, on December 16, 1992 Debtors filed a second amended Schedule A. The amended Schedules list the same parcels of real property with changes which are not relevant to the matter herein.

Debtors' Schedule C lists only the residence located at 6906 Tully Truxton Road as exempt property to the extent of $20,000.00 under Code § 522(b)(2). However, the Chapter 7 Individual Debtors' Statement of Intention reveals that the Debtors also intend to claim Parcel II as exempt. Debtors have expressed no intention to claim as exempt their interest in Parcel III.[1]

### ARGUMENTS

Trustee objects to Debtors' claimed exemption in Parcel II on the basis that that parcel falls outside of the purview of the New York State "homestead" exemption. *See* New York Civil Practice Law and Rules ("NYCPLR") § 5206(a) (McKinney's 1978 and Supp.1992). Trustee contends that since Parcel II is a second lot belonging to the Debtors, which admittedly does not contain a dwelling which serves as the Debtors' primary residence, it is not exempt property under NYCPLR § 5206(a). Trustee contends that to allow the exemption for Parcel

---

1. In his original moving papers Trustee alleged that the "documents" submitted by Debtors were ambiguous with respect to the exemptions claimed therein and that in light of the decision of the United States Supreme Court in *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (Chapter 7 Trustee may not contest the validity of claimed exemptions after the 30 day period for filing objections has expired, even though debtors had no colorable basis for claiming the exemption), he objected to any claimed exemption in both Parcels II and III. Upon review of Debtors' Schedules and Statement of Intention, it seems clear that Debtors made no claim of exemption respecting Parcel III.

II, even though that Parcel is used by the Debtors, would constitute a windfall.[2]

Debtors assert the position that Parcel II, a vacant lot located directly across the road from Parcel I, is an integral part of the their residence which should be included within their homestead exemption.[3] In this regard, Debtors allege that Parcel II was purchased with the intention of being used in conjunction with the residence, that parcel has been used to supplement what Debtors have characterized as inadequate parking and storage at their residence and that Parcel II is used for residential gardening purposes. Debtors further allege that Parcel II has been continuously used solely for residential purposes. Debtors contend, therefore, that the mere fact that Parcel II is not attached to the land on which their home is constructed should be irrelevant for purposes of applying the homestead exemption, and that Parcel should therefore be included within their claimed homestead exemption.

### DISCUSSION

The issue in the matter *sub judice* requires the Court to determine whether separately deeded non-contiguous parcels of real property, which at the time the petition was filed were being utilized together by a debtor as a part of his or her primary residence, may be considered as comprising a single parcel for purposes of the New York State homestead exemption under NYCPLR § 5206(a), or whether such parcels must be treated separately. This issue does not appear to have been dealt with by any court of the State of New York nor any Federal Court construing New York law and thus presents a question of first impression. This Court must therefore predict the course of state law on this issue and then resolve the question applying those principles.

Pursuant to Code § 522(b)(1) New York State has "opted out" of the federal exemption scheme choosing instead to provide its own exclusive set of exemptions in bankruptcy for debtors domiciled in the state. *See In re Nudo*, 147 B.R. 68, 70 (Bankr.N.D.N.Y. 1992); New York Debtor & Creditor Law ("NYD & CL") §§ 282 and 284.

NYCPLR § 5206(a), the New York State homestead exemption, is listed among those exemptions permissible under NYD & CL § 282. NYCPLR § 5206(a) provides in pertinent part that: "[p]roperty of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof: 1. a lot with a dwelling thereon, . . . ." *Id.* The exemption allowed under NYCPLR § 5206(a) may be aggregated by joint debtors who may claim as exempt up to $20,000.00 in the equity of the homestead property. *See Manufacturers Co. v. Borst*, 128 Misc.2d 691, 490 N.Y.S.2d 665 (Sup.Ct.1984); *John T. Mather Mem. Hosp. v. Pearl*, 723 F.2d 193 (2d Cir.1983).

The term "homestead" is not defined by NYCPLR § 5206(a) nor by any other provision of the consolidated laws of the State of New York. *See Matter of Galcia*, 59 Misc.2d 511, 513, 299 N.Y.S.2d 723 (Sur.Ct.1969). However, several guiding principles may be gleaned from the sparse case law construing this term. First, the purpose of the statute is to protect a homeowner from seizure of his or her home to satisfy a money judgment and to protect a debtor's home in the event of bankruptcy.

---

**2.** At the December 8, 1992 hearing, Trustee stated that his objection was based, at least in part, on Debtors failure to include Parcel II on Schedule C as property claimed as exempt. Trustee stated, however, that the Debtors had informed him by telephone that they had amended their exemption schedule to include Parcel II, but that he had not yet received a copy of such. Upon review of the file in the case, the Court notes that although Debtors have filed amended schedules A, B, D and F, they have not yet filed an amended Schedule C.

**3.** While acknowledging that Parcel II is located across the road from Debtors' residence, Trustee contends that it is difficult to discern from the deed descriptions the exact proximity of the two parcels in relation to each other. *See* Trustee Letter/Memorandum, dated December 23, 1992. In their memorandum, Debtors state that Parcel II is located directly across the street from the residence. Trustee did not dispute this allegation at the December 29, 1992 hearing.

*In re Ellerstein,* 105 B.R. 214, 216 (Bankr. W.D.N.Y.1989) (citing *Wyoming County Bank & Trust Co. v. Kiley,* 75 A.D.2d 477, 479, 430 N.Y.S.2d 900, 902 (4th Dept.1980); other citations omitted). Significantly, the exemption applies only to real property owned and actually occupied by a debtor as a principal residence. *See In re Miller,* 103 B.R. 65, 67 (Bankr.N.D.N.Y.1989) (citations omitted); *cf. In re Smith,* 57 B.R. 81 (Bankr. W.D.N.Y.1985) (absence from marital abode pending resolution of property rights in a marital dissolution action does not constitute abandonment of debtor spouse's right of occupancy for purposes of the homestead exemption). Since the exemption requires occupancy of the premises on a regular basis, it does not apply to other dwellings which are merely owned and maintained, but not occupied by a debtor on a regular basis, such as a vacation home, *see In re Miller, supra,* 103 B.R. 65; *In re Galcia, supra,* 59 Misc.2d 511, 299 N.Y.S.2d 723, a rental property, *see generally, Matter of Fettig,* 3 B.R. 321 (Bankr. W.D.Wis.1980) (duplex apartment held as an investment property on lot adjoining debtors' residence not exempt under Wisconsin law), or to that portion of the debtor's residence which is maintained for business purposes. *See Matter Of Hager,* 74 B.R. 198 (Bankr. N.D.N.Y.1987), *aff'd,* 90 B.R. 584 (N.D.N.Y. 1988).

Trustee objects to Debtors' claimed exemption in Parcel II because that Parcel is a separate lot which does not contain Debtors' primary residence. Debtors cannot dispute that Parcel I contains their residence, and that parcel II is a distinguishable parcel of real property. However, Debtors contend that Parcel II was purchased with the intention of being used in conjunction with the residential property. Debtors allege, and the Trustee apparently concedes, that Parcel II is located directly across the street from Parcel I and has been used exclusively by Debtors for non-commercial residential purposes, that situate on Parcel II is a shed which is used for the storage of garden tools and other undisclosed residential items, that Parcel II is used to supplement parking at the Residence and that Parcel II contains a garden which is used for residential purposes. Debtors argue that under these circumstance Parcel II should be construed as an integral part of their residential property and must therefore be included within their homestead exemption.

As indicated, NYCPLR § 5206(a) and the decisional law construing that statute do not explicitly address the circumstances under which two or more parcels of real property may be combined by a debtor and treated as homestead property. The Court notes, however, that the creation of a homestead is largely a question of fact based primarily on a determination of the owner's intent. *See generally In re Mann,* 82 B.R. 981, 984 (Bankr.W.D.Wis.1986) (citing *Matter of Neis,* 723 F.2d 584, 589 (7th Cir.1984)); *accord, In re Drake,* 106 B.R. 741, 743 (Bankr.M.D.Fla. 1989). In the *Mann* case, the Bankruptcy Court denied a creditor's objection to the homestead exemption claimed by the debtor under Wisconsin law in an adjoining lot where the court found that it was the debtors' clear intent to treat and consider the second lot as homestead property. *In re Mann, supra,* 82 B.R. at 984–85. The *Mann* Court found that although the debtors had originally acquired the second parcel for use in their construction business, by the time their petition was filed that business had ceased operating and debtors were using the property to house a home workshop and for the storage of tools and equipment. *Id.* at 983; *cf. In re Drake, supra* 106 B.R. 741 (homestead exemption for a vacant lot adjoining debtor's residence denied where, despite having expressed the intention of acquiring the lot to enhance his primary residence, the debtor actually used the lot solely to store and keep equipment and vehicles used in his business). Here Trustee, whose burden it is to establish non-entitlement to the claimed exemption, *see* Rule 4003(c) of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), has not contested Debtors' allegations that Parcel II was acquired for the purpose of enhancing their use of Parcel I and was so employed at the time their petition was filed.

In spite of the forgoing, the question still remains whether non-contiguous parcels of real property may acquire the status of homestead property under

NYCPLR § 5206(a). The Court notes when the nearly identical issue arises in the context of determining severance damages incident to an appropriation of real property in eminent domain, separate parcels will under certain circumstances be treated as comprising a single larger parcel. Ordinarily, compensatory damages measured only by the fair market value of the appropriated parcel will be awarded to a condemnee when the taking is of an entire parcel. However, where there is only a partial taking, consequential damages, measured by the difference in the market value of the whole before the taking and the fair market value of the remainder after, will be added to the compensatory damage award. *See Town of Brookhaven v. Gold,* 89 A.D.2d 963, 454 N.Y.S.2d 111, 113–14 (2d Dept.1982) (citing *Acme Theatres, Inc. v. State of new York,* 26 N.Y.2d 385, 310 N.Y.S.2d 496, 258 N.E.2d 912 (1970); other citations omitted). In this context, separate parcels will generally be considered as comprising a single unit only when three requirements are met: i) there is unity of title or ownership, ii) unity of use and iii) the parcels are contiguous. *See Erly Realty Development Co., Inc. v. State of New York,* 43 A.D.2d 301, 351 N.Y.S.2d 457, 461 (3d Dept.), *appeal denied,* 34 N.Y.2d 515, 357 N.Y.S.2d 1025, 313 N.E.2d 796 (1974) (citing *Guptill Holding Corp. v. State of New York,* 20 A.D.2d 832, 247 N.Y.S.2d 800 (3d Dept. 1964)). It appears, however, that these requirements are to be liberally construed in favor of condemnees, since under certain limited circumstances lots which are not contiguous may nonetheless be accorded singular status for purposes of determining entitlement to severance damages. For instance, in *Town of Brookhaven v. Gold, supra* 454 N.Y.S.2d 111, the Third Department found that a single lot of real property with frontage on two waterways which was bifurcated by a roadway, and an adjoining lot contiguous with only one portion of the bifurcated lot, could be treated as a single parcel for purposes of calculating severance damages incident to the appropriation of only the latter segment and adjoining lot. *Id.* at 113–14. In deciding *Gold* the Third Department relied in part on its prior decision in *Strong v. State of New York,* 38 A.D.2d 241, 328 N.Y.S.2d 913 (3d Dept.1972). In that case, the Third department affirmed consequential damages for the appropriation of a parcel of real property belonging to a concrete processing plant which parcel provided sand and gravel to the plant and was located approximately 700 feet away and on the other side of a highway. *Id.* 328 N.Y.S.2d at 915–16.

The Court acknowledges that the principles of eminent domain are not directly applicable here. However, the Court refers to them for guidance in determining what factors should be considered relevant in determining whether non-contiguous parcels of real property may be viewed as comprising an integrated parcel of homestead property under NYCPLR § 5206(a).

■ In the matter *sub judice,* Trustee acknowledges that Parcels I and II are commonly owned by the Debtors. Further, Trustee has not contested Debtors' allegations that it was their intent, as evidenced by actual use, to use Parcel II in conjunction with Parcel I as homestead property. While Trustee points out that NYCPLR § 5206(a) is more restrictive than its federal counterpart Code § 522(d), *see Connelly v. Roach,* 79 B.R. 159, 160 (W.D.N.Y.1987) (while Code § 522(d) requires only use of real or personal property in order to qualify for the exemption, NYCPLR § 5206(a) requires actual *ownership* and *occupancy* to qualify), the decisional law indicates that it is the policy of New York to construe exemption statutes, NYCPLR § 5206(a) included, liberally in favor of debtors. *See Manufacturers Co. v. Borst, supra* 128 Misc.2d at 693, 490 N.Y.S.2d 665 (citing *Matter of Perry v. Zarcone,* 98 Misc.2d 899, 414 N.Y.S.2d 604 (Sup. Ct.1979), *modified on other grounds,* 77 A.D.2d 881, 431 N.Y.S.2d 50 (2d Dept.), *appeal dismissed by,* 52 N.Y.2d 785, 436 N.Y.S.2d 622, 417 N.E.2d 1010, and 52 N.Y.2d 701, 436 N.Y.S.2d 1025, 417 N.E.2d 1013 (1980); other citations omitted); *see also Connelly v. Roach, supra,* 79 B.R. at 160; *In re Miller, supra,* 103 B.R. at 67. Thus, the Court concludes that a parcel of real property used by a debtor in conjunction with the residential parcel, that would be contiguous with same but for the presence of a road separating the two, should not be

precluded from acquiring the nature of homestead property simply on that basis alone.

■ Based on the foregoing conclusions, the Court finds that the Trustee has failed to sustain its burden of proving that Debtors should not be allowed their homestead exemption as claimed in Parcels I and II.[4] *See* Fed.R.Bankr.P. 4003(c). Accordingly, Trustee's motion is denied and dismissed with prejudice subject, however, to the condition that Debtors prepare and file with the Clerk of this Court and serve upon the Trustee within twenty (20) days of the date of entry of this Order an amended Schedule C, properly claiming Parcel II as exempt. Failure to timely file and serve an amended Schedule C shall result in Debtors allowed exemption being limited to Parcel I.

**IT IS SO ORDERED.**

**4.** The Court notes that since Trustee did not object to Debtors' claimed exemption on the basis that Debtors' equity in both Parcels exceeds the aggregate allowed homestead exemption of $20,000 for joint debtors, pursuant to NYSPLR § 5206(a), that issue was not properly before the Court and is, therefore, not determined as a part of the within decision.