■ In the Matter of GENERAL ELECTRIC CAPITAL BUSINESS ASSET FUNDING CORPORATION, Respondent, v BAHRAM HAKAKIAN, Respondent, and ESCANDAR HAKAKIAN, Appellant. [751 NYS2d 570] —In a proceeding pursuant to CPLR 5206 (e) to compel the sale of real property to satisfy a money judgment, the appeal is from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered September 28, 2001, as

denied those branches of the appellant's motion which were to stay, enjoin, and restrain the petitioner and receiver from, inter alia, selling the subject premises and conducting a hearing to determine the amount and priority of the liens and encumbrances on the premises, and upon his intervention, for leave to serve an answer or move to dismiss the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

Since the "homestead exemption" (CPLR 5206 [b]) was created to protect a homeowner against seizure of his or her dwelling to satisfy a money judgment (*see Wyoming County Bank & Trust Co. v Kiley,* 75 AD2d 477; *In re Flatt,* 160 BR 497), the appellant, as a judgment creditor, was not entitled to assert the exemption as a defense to the instant proceeding. Accordingly, the Supreme Court properly denied the appellant's motion for injunctive relief.

The appellant's three judgment liens, which are superior to the petitioner's lien, provided him with a real and substantial interest in the outcome of the proceeding (*see Perl v Aspromonte Realty Corp.,* 143 AD2d 824; *Vantage Petroleum v Board of Assessment Review of Town of Babylon,* 91 AD2d 1037, *affd* 61 NY2d 695). However, that right did not necessarily involve the right to participate in every aspect of the proceedings (*see Matter of Karl Springer Woodworking,* 148 Misc 2d 626). Since the appellant was not entitled to assert the homestead exemption, the Supreme Court providently exercised its discretion in limiting the appellant's intervention by not allowing him to serve an answer or move to dismiss the proceeding.

Under the circumstances of this case, the Supreme Court providently exercised its discretion pursuant to CPLR 5206 (e) in appointing a receiver to conduct a private sale of the premises (*see United States v Vulpis,* 967 F2d 734).

The appellant's remaining contention is without merit. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.