■ WELLS FARGO BANK, N.A., Appellant, v KYLE GOANS, Respondent. [24 NYS3d 386]—

In an action, inter alia, to recover damages for breach of a home equity loan agreement, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated March 13, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is denied.

The plaintiff and the defendant entered into a home equity loan agreement (hereinafter the agreement) whereby the plaintiff agreed to loan the defendant certain funds, and the defendant agreed to repay the loan with interest. The loan was secured by a second mortgage executed by the defendant. Alleging a default in repayment, the plaintiff subsequently commenced this action to recover damages for breach of the agreement. The defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint, contending, inter alia, that the plaintiff's only legal remedy was to commence an action to foreclose the second mortgage which secured the loan. The Supreme Court granted the motion.

Where a creditor holds both a debt instrument and a mortgage which is given to secure the debt, the creditor may elect either to sue at law to recover on the debt, or to sue in equity to foreclose on the mortgage (*see Copp v Sands Point Mar.*, 17 NY2d 291, 293 [1966]; *VNB N.Y. Corp. v Paskesz*, 131 AD3d 1235 [2015]; *Aurora Loan Servs., LLC v Lopa*, 88 AD3d 929, 930 [2011]; *Gizzi v Hall*, 309 AD2d 1140, 1141 [2003]; *Wyoming County Bank & Trust Co. v Kiley*, 75 AD2d 477, 480 [1980]; *see generally* RPAPL 1301). Here, contrary to the Supreme Court's determination, the clear and unequivocal language of the parties' agreement did not limit the plaintiff's options to recover in the event of a default, and did not require that the plaintiff commence only a foreclosure action (*see generally R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32 [2002]; *Reiss v Financial Performance Corp.*, 97 NY2d 195, 198 [2001]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Thus, the agreement did not "conclusively establish a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see* CPLR 3211 [a] [1]).

Accordingly, the plaintiff was free to commence the instant

action to recover damages, and the protections afforded to homeowners under the foreclosure laws are inapplicable to this action, since the defendant's ownership and possession of his residence are not at risk in this lawsuit (*see* CPLR 5206; *see generally Matter of General Elec. Capital Bus. Asset Funding Corp. v Hakakian*, 300 AD2d 486 [2002]; *Wyoming County Bank & Trust Co. v Kiley*, 75 AD2d at 479-481). Therefore, the Supreme Court erred in granting the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.